308 So.2d 555 (1975)
Peter B. ATWOOD, Practicing Law As Atwood and Richmond, Appellant,
v.
CALUMET INDUSTRIES, INC., a Delaware Corporation, Appellee.
No. 74-461.
District Court of Appeal of Florida, Fourth District.
February 28, 1975.
James W. Geiger of Devitt, Geiger, O'Neal & Booth, Fort Lauderdale, for appellant.
Eugene L. Heinrich, of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellee.
*556 MAGER, Judge.
This is an appeal by Peter B. Atwood, practicing law as Atwood and Richmond, plaintiff below, from an order entered in favor of Calumet Industries, Inc., defendant below, quashing plaintiff's service of process obtained pursuant to the "long-arm" statutes, sections 48.161 and 48.181, F.S. The order under review also dismissed plaintiff's cause.
The suit below which was instituted by the plaintiff, a Florida resident and an attorney admitted to practice in the State of Florida, sought money damages against defendant, a nonresident corporation, and was predicated upon professional services rendered on behalf of the defendant in this state and in furtherance of defendant's business expectations in this state. Without setting forth the specific facts in detail we are satisfied that the transactions reflected by the record authorized substituted service of process.
The plaintiff's performance of legal services in this state on behalf of the defendant; the plaintiff's efforts to obtain financing for appellant in Florida and to obtain the underwriting of a common stock offering on behalf of the defendant from a Florida financial house; the defendant's listing of its stock through a Florida brokerage house and the subsequent purchase of such stock by the plaintiff "to make a market" in such stock when considered collectively "show a general course of employment and conduct of carrying on business activity in this State for pecuniary benefit". DeVaney v. Rumsch, Fla. 1969, 228 So.2d 904.
It is clear that the defendant through the actions of the plaintiff was engaged in a course of conduct and acts in Florida for the purpose of realizing a pecuniary benefit, although no actual pecuniary benefit may have resulted from such activities. McCarthy v. Little River Bank and Trust Company, Fla.App. 1969, 224 So.2d 338.
The rationale in the aforementioned cases and in particular the recent decisions in Horace v. American National Bank and Trust Co., Fla.App. 1971, 251 So.2d 33, and Martin Blumenthal Associates, Inc. v. Dinsmore, Fla.App. 1974, 289 So.2d 481, demonstrate that the activities of the defendant were sufficient to "[constitute] engaging in a business or a business venture" and establish the "requisite minimum contacts" so as to obtain service under Florida's "long-arm" statute.[1]
Accordingly, the order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, J., dissents, without opinion.
NOTES
[1] If for example, a Florida brokerage house sought to recover a brokerage fee from the defendant based upon its dealings with the plaintiff, it could hardly be argued that defendant was not engaged in a business or business venture in the State of Florida by virtue of the activities of its agent, the plaintiff. We perceive no distinction between that circumstance and the situation where the agent seeks to recover from the principal insofar as the application of the substitute service of process is concerned.