585 So.2d 429 (1991)
AG ROTORS, INC. Appellant,
v.
HAVERFIELD CORPORATION, F/K/a Haverfield Aviation, Inc., Appellee.
No. 91-00606.
District Court of Appeal of Florida, Third District.
September 3, 1991.
Peeples, Earl & Blank, Douglas M. Wyckoff and Joseph D. Richards, Miami, for appellant.
Anderson, Moss, Parks, & Russo and Gary S. Koenigsberg, Miami, for appellee.
Before HUBBART, JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendant, AG Rotors, Inc., appeals from a non-final order denying its motion to abate the action for lack of personal jurisdiction. We remand the case with directions that the trial judge hold an evidentiary hearing on the issue.
The plaintiff, Haverfield Corp., is a Florida corporation; the defendant, AG Rotors, is a Pennsylvania corporation. An employee of Haverfield, J. Rodney Horn, who had signed a covenant not to compete, subsequently left Haverfield and went to work for AG Rotors. In addition to suing Horn, Haverfield sued AG Rotors, alleging tortious interference with a contractual relationship, conspiracy, and unfair competition.
A plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989). A defendant wishing to contest the allegations of the complaint concerning jurisdiction must file affidavits in support of this position. Id. The burden is then placed upon the plaintiff to prove by affidavit the basis on which jurisdiction may be obtained. Id. The parties in the case at bar have followed this procedure.
Haverfield's complaint alleged that the Florida court had jurisdiction over AG Rotors on the basis of Florida's long-arm statute, § 48.193(1)(b), which subjects to the jurisdiction of Florida courts any person who commits a tortious act within this state. Haverfield alleged that AG Rotors committed a tortious act within Florida by intentionally interfering with Haverfield's employment contract with Horn, thereby causing injury to Haverfield in Florida.
AG Rotors' affidavit denied that it ever initiated any contact with Horn, that it ever traveled to Florida, or that it in any way enticed or encouraged Horn to terminate *430 his employment with Haverfield. Haverfield's affidavit in response incorporated the allegations of its amended complaint.
Venetian Salami, 554 So.2d at 503, further determined that, where the respective affidavits are in direct conflict, the trial court should hold a limited evidentiary hearing. In the case at bar, the respective affidavits are in direct conflict as to whether or not AG Rotors committed a tortious act in Florida. Therefore we are remanding the case so that the necessary evidentiary hearing may be held.