QUINCE, Judge.
Frederick H. Hartwig (Hartwig) appeals the trial court’s order denying his motion to dismiss for lack of personal jurisdiction. We reverse because the complaint fails to allege sufficient facts to establish minimum contacts between Hartwig and the State of Florida.
Appellee, Security National Partners, Ltd. (Security National) filed suit to enforce a promissory note given by Marina Placida Development Corporation (Marina), a Florida corporation in consideration for a $200,-000.00 line of credit extended by Merchant National Bank (Merchant Bank). Hartwig, a shareholder and corporate director of Marina at that time, executed a conditional guarantee which ensured Marina’s payment on the note. Marina ultimately defaulted and Hart-wig failed to satisfy the debt. Security National, who subsequently purchased the promissory note and conditional guarantee from Merchant Bank seeks to collect on the instruments.
The complaint contains the following jurisdictional allegations.
5. Defendant Hartwig is an individual who conducts substantial and not isolated business in Lee County, Florida and is otherwise sui juris.
8. On or about November 9, 1989, Hart-wig executed and delivered to Merchant National a conditional Guaranty, guaranteeing any and all performance on the debt, liability or obligation of Marina Placi-da ... arising out of the $200,000.00 line of credit....
16. Hartwig as guarantor of the Note by and between Merchant National and Marina Placida has similarly defaulted on his obligations under the 11/9/89 Guaranty by failing to make payment in full....
Hartwig’s motion to dismiss was accompanied by an affidavit contesting personal jurisdiction. The affidavit states in pertinent part:
3. I am now, and have for my entire life been a resident of the state of Kansas. I have never resided in, or been a resident of the state of Florida. At one time I was a shareholder in ... Marina Placida Development Corp- I am no longer a shareholder of that corporation.
4. At one time, I was Director and Officer of Marina Placida Development Corp. but I am no longer a Director or Officer.
5. I executed [the Conditional Guarantee] in the state of Kansas_ When I executed that document, I understood and intended that in the event that I was ever called upon to honor the Guaranty, I would be called upon to answer it in the state of Kansas_
Security National filed an unverified response and supporting memorandum in response to Hartwig’s affidavit and motion to dismiss.
On appeal, Hartwig alleges the complaint fails to plead sufficient facts to establish personal jurisdiction under section 48.193(1), Florida Statutes (1993), and fails to satisfy the due process requirements of minimum contacts.
Pertinent portions of the long arm statute provide:
(1) Any person, whether or not a resident of this state, who personally ... does any of the [following acts] thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising [therefrom]:
*54 (d) Contracting to insure any person or risk located within this state at the time of contracting.
(g) Breaching a contract in this state by failing to perform acts required to be performed in this state.
§ 48.193(1), Fla. Stat. (1993). While its jurisdictional allegations are “thin”, we believe the complaint sufficiently pleads personal jurisdiction under the long arm statute.
Hartwig contracted to-aet as personal guarantor for Marina, a Florida corporation, on a line of credit extended by Merchant Bank located in Ft. Myers, Florida. After Marina defaulted, Hartwig failed to fully satisfy the debt pursuant to the terms of his guarantee. These allegations are sufficient to plead personal jurisdiction under subsections of the long arm statute cited above. Nevertheless, due process requires a plaintiff to establish minimum contacts between a foreign defendant and this state before the long arm statute may operate to exercise personal jurisdiction over this foreign guarantor. See Magic Pan Int'l, Inc. v. Colonial Promenade, 605 So.2d 563 (Fla. 5th DCA 1992).
When a foreign defendant contests personal jurisdiction with a legally sufficient affidavit, the burden is placed on the plaintiff to prove, by countervailing affidavit, the basis upon which jurisdiction can be obtained. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Tobacco Merchants Ass’n of the U.S. v. Broin, 657 So.2d 939 (Fla. 3d DCA 1995); Magic Pan. Hartwig’s affidavit is legally sufficient to demonstrate an absence of minimum contacts. The factual allegations of the complaint fail to demonstrate minimum contacts, and Security National failed to file a countervailing affidavit alleging facts to establish such contacts. Thus, Security National has failed to meet its burden of proof, and the complaint must be dismissed as to this defendant.
The order denying Hartwig’s motion to dismiss is hereby reversed.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.