PER CURIAM.
The appellants, three individual defendants, challenge the trial court’s nonfinal order denying their motion to dismiss the *613 amended complaint for lack of personal jurisdiction. We reverse because the appellee failed to meet her burden of establishing long-arm jurisdiction pursuant to section 48.193, Florida Statutes (1995). Our decision does not affect the continuation of the suit against the two Florida corporations, which are not parties to this appeal.[1]
This case arose as a result of the sale of the appellee and her husband’s business on January 27,1995. The appellee claimed that the business was sold to three individuals, the appellants, who reside in California. The court previously granted a motion to dismiss the initial complaint based on lack of personal jurisdiction over the appellants. The initial two-count complaint sought relief for breach of contract and an accounting.
The appellee amended the complaint, this time deleting the count for an accounting, retaining the count for breach of contract, unchanged, and adding a count for fraudulent inducement. The pertinent common allegations of the amended complaint include that each of the appellants own stock in each of the two Florida corporate defendants and serve as officers and directors of both corporations, and that the appellants “are subject to the jurisdiction of the courts of this state by virtue of their having operated, conducted, engaged in and carried on a business venture in this state, by virtue of their having breached a contract in this state by failing to perform acts required by the contract to be performed in this state, and by committing tortious acts within this state ... [and] are, therefore, specifically subject to jurisdiction in the State of Florida as provided in Fla. Stat. § 48.193(l)(a),(b), and (g).” The common allegations continue that pursuant to the agreement, the defendants “promised to pay Plaintiff a portion of certain accounts receivable owned by Defendant [Calusa Medical, Inc.] CMI.”
The count for fraudulent inducement asserts that in the course of negotiations leading to the agreement, “the individual Defendants specifically represented to Plaintiff that upon their purchase of the Plaintiffs stock, the business of the corporation would continue to be conducted in the State of Florida, ..., and payment would be promptly made to the Plaintiff.” The appellee alleges that she would not have executed the agreement had the appellants truthfully disclosed that they had no intention of operating CMI in Florida or that they intended to divert CMI’s accounts receivable to themselves or other entities. As a result of their false statements, she alleges that their relocation of the business to California and diversion of CMI’s receivables to themselves or to other entities they controlled, caused her damage by not receiving her receivables or full compensation for her shares of stock in CMI.[2]
The three affidavits filed by each of the appellants in support of their motion to dismiss controverted the facts alleged in the amended complaint. All three affiants swore that no representations were made prior to the signing of the agreement in California. Two of the affiants further swore that no representations were made that the business of CMI would continue to be conducted in Florida and that most of the business had not been conducted in Florida at the time of the execution of the agreement. The two swore that only one account was located in Florida at the time of the purchase and that arrangements had been made to sell that account around the time of the execution. They swore that it was the appellee’s husband, not themselves, “who suggested and encouraged moving what little company operations existed in Florida to California.” With respect to *614 engaging in or conducting business in Florida, the affiants never conceded that they conducted any business in their personal capacity. Two admitted that they visited Florida once or twice before the agreement was signed, while the other swore he never visited the offices of CMI in Florida before the agreement was signed.
The appellee chose to rely on her three previously filed countervailing affidavits directed to the first motion to dismiss. The affidavit of the appellee remained silent as to any representations made by the appellants, much less the timing of any representations made. Another affiant, a former employee of CMI, swore that on a date which postdated the execution of the agreement, one of the appellants “represented that he, [and the other two individual defendants] would be keeping the companies in Florida.” The third affiant, a certified public accountant, did not make any affirmations regarding any representations made before the agreement was executed. None of the opposing affidavits truly addressed the issue of the appellants’ conducting or engaging in business personally in Florida.
In denying the motion, the trial court relied on the appellee’s counsel’s interpretation of Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), and Allerton v. State of Florida Department of Insurance, 635 So.2d 36 (Fla. 1st DCA 1994). The attorney argued that the amended complaint alleged that the defendants committed a tort in Florida and that the affidavits do not come into play until the court reaches the federal minimum contacts requirement. The attorney suggested to the court that it hold an eviden-tiary hearing if the parties’ affidavits conflicted, but otherwise it should deny the motion.
We disagree with the appellee’s counsel’s interpretation of Venetian Salami Contrary to his assertions, if the complaint alleges jurisdiction under the long-arm statute, then affidavits should be filed and considered to contest and defend such jurisdiction. The supreme court wrote that “[a] defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits'in support of his position.” Id. at 502 (emphasis added). The court continued, “[t]he burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.” Id. at 502. We interpret the language “concerning jurisdiction” to mean long-arm jurisdiction. Assuming this interpretation is correct, affidavits should be submitted and reviewed to assess whether the requirements of Florida’s long-arm statute have been met. See also Texas Guaranteed Student Loan Corp. v. Ward, 696 So.2d 930, 931 (Fla. 2d DCA 1997) (first inquiry is whether complaint alleges facts to bring action within ambit of long-arm statute; second inquiry is whether minimum contacts have been demonstrated, citing Venetian Salami quoting from Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)); Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838, 840 (Fla. 4th DCA 1997) (initial inquiry is whether Florida’s long-arm jurisdiction has been sufficiently established; second inquiry is whether constitutional minimum contacts has been satisfied, citing Doe v. Thompson, 620 So.2d 1004 (Fla.1993), and Venetian Salami ).
Based on the above two-step analysis, we need not reach the issue of sufficient minimum contacts, because our resolution of this case begins and ends with whether the appellee met her burden with respect to Florida’s long-arm jurisdiction. The affidavits of the appellants clearly refuted the allegations of any fraudulent inducement by the appellants or any conducting or engaging in business personally in this state. The appel-lee, on the other hand, failed to meet her burden of contradicting the statements that no representations had been made and that the appellants did not conduct business personally in this state before the agreement was executed. See Washington Capital Corp., 695 So.2d at 841 (failure of plaintiff to refute allegations of defendant’s affidavit requires granting of dismissal); cf. Hartwig v. Sec. Nat’l Partners, Ltd., 679 So.2d 52, 54 (Fla. 2d DCA 1996) (where complaint failed to demonstrate minimum contacts and plaintiff failed to file countervailing affidavits, plaintiff failed to meet burden of proof to withstand dismissal). In any event, we are *615 not convinced that any alleged representation that the business would continue in Florida has any bearing on her decision to enter into the agreement to sell the business in the first place. Thus, neither the commission of a tort nor the engagement in business in this state conferred long-arm jurisdiction over the appellants.
Because the relevant facts surrounding the fraudulent inducement or the conducting of business were never placed in direct conflict, no evidentiary hearing was necessary. Absent an intentional tort having been committed or business having been conducted personally in Florida, we need not reach any issue regarding the “corporate shield” doctrine addressed in Allerton. Accordingly, we reverse the order and permit the case to continue as to the two corporate defendants only.
Reversed and remanded.
CAMPBELL, A.C.J., and LAZZARA and QUINCE, JJ., concur.

. The notice of appeal was filed on behalf of the three individual defendants only, although one attorney represents all five defendants. Moreover, it appears from the transcript of the hearing on the motion to dismiss that the court was unclear as to whether it was making any ruling with regard to the corporate defendants. We remark in passing that the appellants’ filing of the transcript as part of the appendix has proven most helpful in resolving this appeal in which the appellee has chosen not to appear in any fashion.

. We are not concerned with the breach of contract claim in this case. The parties and the trial court seemed to agree at the hearing that the prior ruling dismissing the first motion to dismiss as to the appellants should remain unchanged based on the appellee's failure to alter the count for breach of contract.