721 So.2d 787 (1998)
BELZ INVESTCO LIMITED PARTNERSHIP, a Tennessee limited partnership, d/b/a Peabody Hotel Group, Appellant,
v.
GROUPO IMMOBILIANO CABABIE, S.A. a/k/a GICSA, and Elias Cababie a/k/a Elias Cababie Daniel, an individual, Appellees.
No. 97-2448.
District Court of Appeal of Florida, Third District.
December 9, 1998.
*788 Robert J. Levine, and Suzan Jon Jacobs, for Appellant.
Hughes Hubbard & Reed, and Juan J. Farach, for Appellees.
BEFORE: COPE, GERSTEN, and SHEVIN, JJ.
GERSTEN, J.
Belz Investco Limited Partnership ("plaintiff"), appeals an order granting the appellees' motions to dismiss for failure to state a cause of action and lack of personal jurisdiction. We reverse with respect to both motions and remand with directions to the trial court to hold an evidentiary hearing on the personal jurisdiction issue.
The plaintiff sued Grupo Immobiliano Cababie, S.A. ("GICSA"), a foreign corporation, and its president, Elias Cababie Daniel ("Cababie"), for breach of contract, unjust enrichment, and an accounting, to recover a portion of the money it spent on behalf of the defendants in seeking approval for their alleged joint venture project in Miami Beach, Florida. In order to obtain jurisdiction over the foreign defendants, the plaintiff stated:
5. DEFENDANT GICSA and DEFENDANT CABABIE are subject to the jurisdiction of this Court pursuant to Florida Statutes Section 48.193 by virtue of doing the following acts:
(a) Operating, conducting, engaging in, or carrying on a business venture in the state or having an office or agency in this state;
(b) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state;
(c) Engaging in substantial and not isolated activity within this state.
The plaintiff followed these jurisdictional assertions with substantive allegations, applying each and every one to GICSA "and/or" Cababie.
Unimpressed with the plaintiff's use of the phrase "and/or" throughout the complaint, the trial court dismissed the suit against Cababie on the ground that the plaintiff failed to allege how Cababie acted in any way other than on behalf of GICSA. It also dismissed the suit against GICSA because the jurisdictional allegations lacked factual support.
Neither dismissal was appropriate. We first address Cababie's motion to dismiss for failure to state a cause of action.
The Florida Rules of Civil Procedure clearly permit a plaintiff to allege causes of action against multiple defendants. See Fla.R.Civ.P. 1.210(a). They also permit a plaintiff to state causes of action in the alternative, see Fla.R.Civ.P. 1.110(g); Ringler v. McVeigh, 109 So.2d 606 (Fla. 3d DCA 1959) (holding a complaint sufficient where the plaintiff stated the same cause of action against separate defendants either jointly or in the alternative to one another), even where the alternative allegations are completely inconsistent with one another. See Johnson v. Dep't of Health and Rehabilitative Services, 695 So.2d 927 (Fla. 2d DCA 1997).
A plaintiff, therefore, can make claims against a corporation for acts committed by its president within the scope of his employment and, in the alternative, pursue personal liability against the president, claiming that he acted in his individual capacity. See *789 Johnson v. Dep't of Health and Rehabilitative Services, 695 So.2d at 930. Thus, although the plaintiff's allegations were arguably inconsistent, and inartistically plagued by the phrase "and/or," see Cochrane v. Florida East Coast Ry. Co., 107 Fla. 431, 145 So. 217 (Fla.1932), the complaint sufficed to survive Cababie's motion to dismiss for failure to state a cause of action. See Johnson v. Dep't of Health and Rehabilitative Services, 695 So.2d at 930; Ringler v. McVeigh, 109 So.2d at 607.
The trial court also erred in granting GICSA's motion to dismiss for lack of personal jurisdiction. It is well settled in Florida that in order for a nonresident defendant to be subject to this state's jurisdiction, two requirements must be met. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). First, the plaintiff must allege sufficient facts to bring the action within the ambit of the long-arm statute. Second, assuming that the first requirement has been met, the defendant must have sufficient minimum contacts with the state to satisfy federal due process requirements. See Venetian Salami Co. v. Parthenais, 554 So.2d at 502.
Procedurally, the plaintiff bears the initial burden of pleading sufficient facts to bring the action within the ambit of the long-arm statute. See Venetian Salami Co. v. Parthenais, 554 So.2d at 502; Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838 (Fla. 4th DCA 1997); AG Rotors, Inc. v. Haverfield Corp., 585 So.2d 429 (Fla. 3d DCA 1991). This may be done by alleging facts sufficient to show that the defendant's actions fit within one or more of the subsections of Florida's long-arm statute. See Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d at 841. It may also be done merely by tracking the language of the long-arm statute without pleading supporting facts. See Fla.R.Civ.P. 1.070(h); Venetian Salami Co. v. Parthenais, 554 So.2d at 502.
If the allegations in the complaint sufficiently establish long-arm jurisdiction, then the burden shifts to the defendant to contest the jurisdictional allegations in the complaint, or to claim that the federal minimum contacts requirement is not met, by way of affidavit or other similar sworn proof. See Venetian Salami Co. v. Parthenais, 554 So.2d at 502; Field v. Koufas, 701 So.2d 612 (Fla. 2d DCA 1997). If properly contested, the burden then returns to the plaintiff to refute the evidence submitted by the defendant, also by affidavit or similar sworn proof. See Venetian Salami Co. v. Parthenais, 554 So.2d at 502; Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d at 841; Unc Ardco, Inc. v. Luckner, 685 So.2d 29 (Fla. 4th DCA 1996).
The trial court can resolve the jurisdictional question solely on the basis of the affidavits, so long as they do not conflict. See Venetian Salami Co. v. Parthenais, 554 So.2d at 502; Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d at 841. If the affidavits do conflict, however, then the trial court must conduct a limited evidentiary hearing to resolve the factual dispute. See Venetian Salami Co. v. Parthenais, 554 So.2d at 503; Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d at 841; AG Rotors, Inc... v. Haverfield Corp., 585 So.2d at 430.
Here, the plaintiff properly pleaded the basis for jurisdiction by quoting subsections (1)(a), (1)(g), and (2) of the long-arm statute, Section 48.193, Florida Statutes (1997). GICSA countered with a motion to dismiss supported by an affidavit in which the affiant denied that the foreign corporation performs business, maintains offices or employees, or solicits any business in Florida. The plaintiff responded with an affidavit, in which the affiant claimed that the foreign corporation was part of a joint business venture in Florida, and therefore, did solicit and perform business within the State.
These affidavits conflict, and thus, a limited evidentiary hearing is warranted.[1]See *790 Venetian Salami Co. v. Parthenais, 554 So.2d at 503; Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d at 841; AG Rotors, Inc... v. Haverfield Corp., 585 So.2d at 430. The trial court erred in failing to conduct such a hearing.
Accordingly, the trial court's order dismissing the action against Cababie and GICSA is reversed and the case is remanded with directions to the trial court to conduct a limited evidentiary hearing on whether the court may exercise personal jurisdiction over GICSA. See Venetian Salami Co. v. Parthenais, 554 So.2d at 503; Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d at 841; AG Rotors, Inc... v. Haverfield Corp., 585 So.2d at 430.
Reversed and remanded with directions.
SHEVIN, J., concurs.
COPE, J., specially concurring.
I concur in the reversal of the judgment, but believe that it is unnecessary to remand for an evidentiary hearing as to appellee GICSA. The City of Miami Beach invited proposals for a new convention hotel. GICSA joined the Peabody Miami Beach Hotel Partnership, which submitted a proposal to build a Peabody Hotel. In the documents filed in this case by GICSA's president, the venture is described as follows:
Section F-Organization Form, Team Members, Personnel This proposal is being submitted by the Peabody Miami Beach Hotel Partnership (PMBH L.P.), consisting of three primary investment partners; Belz Enterprises which will also serve as the Developer, GICSA and Tom Billante (Mezza Notte, Inc.).
....
Mr. Martin S. Belz and John J. Dudas are authorized to negotiate on behalf of the partners. Mr. Martin S. Belz is authorized to bind on behalf of the partners.
....
2. GICSA (Grupo Inmobiliario Cababie S.A. De C.V.) is based in Mexico City, Mexico. GICSA is part of the Cababie family group of business which has been in operation for over 30 years. GICSA functions as a diversified real estate developer of property primarily in Mexico. Major projects developed by GICSA include: Torre Periferico Office Center, Corporative Blas Pascal Office Building and Zentro La Plaza Commercial Center all in Mexico. The principal Peabody Miami Beach team members from GICSA include: Elias Cababie Daniel, President; Abraham Cababie Daniel, Vice President, and Jesus Bujeda, Council for GICSA.
GICSA will serve as the primary investor in the Peabody Miami Beach (Please see Appendix for additional details).
In his letter to the City of Miami Beach, GICSA's president stated:
I am committing to invest $65 million in the development of the Peabody Miami Beach Hotel Project. I will own approximately 85% equity interest in the Project. The sources for my investment will include GICSA as well as our established banking and investment firm sources, if necessary.
....
We are looking forward to participating in the development of Miami Beach's next great Hotel.
 Sincerely,
 /S/
 Elias Cababie Daniel
*791
 President
In plaintiff's affidavit, plaintiff states (without contradiction by defendants) that plaintiff undertook numerous acts in Florida on behalf of the partners, including GICSA; that GICSA submitted its financial statements to the City in support of the Peabody proposal; and that GICSA's president attended meetings in Miami in furtherance of the project, as well as the formal presentation of the project to the City of Miami Beach Proposal Selection Committee in 1994. The City of Miami Beach selected another bidder, however, so the Peabody Hotel was never built.
GICSA's position is that since the joint venture's proposal was not accepted by the City of Miami Beach, it follows that there was never any joint venture and thus, for purposes of Florida's long-arm statute, no "business venture in this state...." § 48.193(1)(a), Fla.Stat. That argument is without merit. The uncontroverted facts show that the parties formed a business venture the objective of which was to build a Peabody Hotel on Miami Beach in response to the City's Request for Proposal. The parties worked jointly toward that objective, expending money, time, and effort. Plainly these activities qualify as a "business venture" for purposes of the long-arm statute. See Atwood v. Calumet Indus., Inc., 308 So.2d 555, 556 (Fla. 4th DCA 1975); see also Empire Indus., Inc. v. Kaplan, 695 So.2d 919, 920-21 (Fla. 4th DCA 1997); Sutton v. Smith, 603 So.2d 693, 698 (Fla. 1st DCA 1992).
That the City ultimately selected another bidder does not undo the fact that a venture was formed with the goal of winning the bidding competition. The Florida long-arm statute does not condition jurisdiction on the success of the business venture. The statute authorizes long-arm jurisdiction over those who engage in a business venture in Floridaregardless of whether the venture is successful or unsuccessful. "It is clear that the defendant through the actions of the plaintiff was engaged in a course of conduct and acts in Florida for the purpose of realizing a pecuniary benefit, although no actual pecuniary benefit may have resulted from such activities." Atwood, 308 So.2d at 556. Since the claim in this case arises out of the failed venture, there is long-arm jurisdiction.
GICSA denies that it is now engaged in business or a business venture in Florida, but what GICSA is doing now is immaterial. The question is whether, at the pertinent time in the past, GICSA was engaged in a business venture by virtue of its membership in the Peabody Miami Beach Hotel Partnership. The documents quoted earlier in this opinion regarding the Peabody venture were filed by GICSA's president, and clearly demonstrate GICSA's participation in a business venture in Florida through the Peabody Miami Beach Hotel Partnership. Since GICSA has admitted the truth of the underlying facts, the issue of personal jurisdiction can be decided by this court as a matter of law. Plaintiff is entitled to a ruling in its favor on the issue of personal jurisdiction.
NOTES
[1] The special concurrence seems to accept as fact that GICSA was involved in a joint venture in Florida. GICSA, however, denied such involvement in its affidavit. We are not bothered by the fact that GICSA's affidavit is stated in the present tense. The plaintiff's jurisdictional allegations were also stated in the present tense and, thus, GICSA met its burden by responding likewise. Accordingly, although the plaintiff's affidavit was certainly more explicit than GICSA's general denial, the affidavits still conflict and warrant a limited evidentiary hearing.

Contrary to the special concurrence's finding, GICSA never admitted to taking part in a joint venture with the plaintiff. The special concurrence goes to great lengths in pointing to other evidence, the proposal prepared by the plaintiff and apparently sent to the City of Miami Beach and a letter signed by Cababie, that could support a finding that GICSA is subject to personal jurisdiction in this state. This evidence, however, was attached to Cababie's motion to dismiss for failure to state a cause of action, and not to GICSA's motion to dismiss for lack of personal jurisdiction. GICSA admitted nothing. The evidence pointed to by the special concurrence is appropriately considered at the evidentiary hearing where all of the evidence pertaining to the personal jurisdiction issue can be presented and properly evaluated. See Venetian Salami Co. v. Parthenais, 554 So.2d at 503; Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d at 841; AG Rotors, Inc... v. Haverfield Corp., 585 So.2d at 430.