997 So.2d 1170 (2008)
Robert HENIN, Appellant,
v.
ATHENA PRESS LTD., Appellee.
No. 3D08-32.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Cruz & Alcoba and Amaury Cruz, for appellant.
No appearance for appellee.
Before COPE, WELLS, and SHEPHERD, JJ.
PER CURIAM.
Upon de novo review of the record evidence concerning whether Athena Press Ltd. is subject to personal jurisdiction of the trial court, see Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Labbee v. Harrington, 913 So.2d 679, 681 (Fla. 3d DCA 2005), we conclude the court erred in granting Athena's Motion to Dismiss *1171 for Lack of Personal Jurisdiction. As acknowledged by the trial court in the order, "The affidavits of Plaintiff and Defendant cannot be reconciled." Under these circumstances, a limited evidentiary hearing is in order. See Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So.2d 787, 789 (Fla. 3d DCA 1998).
Reversed and remanded for further proceedings consistent herewith.
WELLS and SHEPHERD, JJ., concur.
COPE, J. (dissenting).
I would affirm the order now before us.
I agree that ordinarily an evidentiary hearing is called for where, as here, the trial court order states that "[t]he affidavits of Plaintiff and Defendant cannot be reconciled." However, in this case the court went on to say that the "Court conducted a limited evidentiary hearing, and allowed depositions to facilitate the resolution of conflicting facts." So far as we can determine, there was no evidentiary hearing and no depositions are in the record on appeal.
Nonetheless, the affidavits of the parties are in the record and I see no inconsistency on any material issue. Since the affidavits can be reconciled, affirmance is in order.
According to the pleadings and the corporate documents filed of record, the plaintiff signed a contract to have a book published by Minerva Publishing Co., a Delaware corporation which had an office in Miami ("the United States company"). That contract was signed July 11, 2000. Subsequently Minerva changed its name to Athena Press Publishing Co.
The present defendant, Athena Press Ltd., is a British company ("defendant" or "the British company"). The British company came into existence on October 22, 2001. In 2002, the British company contacted the plaintiff and explained that the British company was taking over the obligations of the United States company, and promised to carry out the July 11, 2000 contract. In 2003 the United States company ceased operations.
The plaintiff filed this lawsuit against the British company, alleging that the British company had failed to carry out the publishing contract. The British company moved to quash service of process and moved to dismiss for lack of long-arm jurisdiction. The trial court granted the motion to dismiss for lack of long-arm jurisdiction, and the plaintiff has appealed.
The plaintiff's theory is that the British company is an alter ego of the United States company. That cannot be so. The plaintiff signed a contract with the United States company on July 11, 2000. At that time the British company did not exist. The British company came into existence in October of 2001, over a year later.
There is no doubt that the British company promised to carry out the obligations of the United States company, and it appears that the British company may have successor liability in one form or another. But the plaintiff never argued the British company's subsequent acts were sufficient to confer long-arm jurisdiction on the trial court. Instead, the theory which was pled and argued is that the British company is an alter ego for the Delaware company and as stated, I do not see how that can be so.
Since my view has not prevailed and there are to be further proceedings on remand, it seems to me that the relevant question is whether the British company's voluntary assumption of the contractual obligations of the United States company is sufficient to establish long-arm jurisdiction *1172 in Florida. That issue has not been addressed.
I also believe that the service of process in this case is insufficient. The plaintiff relied on section 48.181, Florida Statutes (2005). The plaintiff argues that the statute is applicable to anyone who was "a resident of the state and who subsequently becomes a nonresident of the state...." Id. In such circumstances the absentee is deemed to have appointed "the Secretary of State of the state as their agent on whom all process in any action ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served." Id.
The plaintiff served the Secretary of State. The plaintiff contends that the defendant was formerly present in this state, and left the state. As already explained, that theory is contradicted by the documents which were filed of record. It was the United States company that was present in Florida, not the British company. Because section 48.181, Florida Statutes is inapplicable to this case, it does not appear that service of process was validly accomplished. That issue also needs to be addressed on remand.