# Third District Court of Appeal

## State of Florida

Opinion filed April 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0942
Lower Tribunal No. 11-29169
_____

**Team Health Holdings Inc.,**
Appellant,

vs.

**Lizette C. Caceres, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Nelson Mullins Broad and Cassel, and Peter R. Goldman, Linda Spaulding White, and Nicole Villamar (Ft. Lauderdale), for appellant.

John B. Ostrow, P.A., and John B. Ostrow; Wasson & Associates, Chartered, and Roy D. Wasson and Annabel C. Majewski, for appellees.

Before FERNANDEZ, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Team Health Holdings ("THH"), a Delaware Corporation with its principal place of business in Tennessee, appeals from a non-final order denying its motion to dismiss the Plaintiffs' Sixth Amended Complaint for lack of personal jurisdiction.[1]  Because THH was not required to attach business records to its jurisdictional affidavit, we reverse and remand for further proceedings.

## I.      BACKGROUND

Plaintiffs[2] filed the underlying medical malpractice action in 2011. Seven years later, Plaintiffs, in their Fifth Amended Complaint, added THH under a theory of corporate successor liability.  THH moved to dismiss and attached an affidavit of John Stair, THH's Chief Operations Counsel and Assistant Secretary. The trial court granted THH's motion and granted Plaintiffs leave to amend their Complaint.

Plaintiffs then filed their Sixth Amended Complaint, which is the operative complaint.  THH again moved to dismiss and attached the original Stair affidavit and a supplement to the Stair affidavit.  The Stair affidavits contested personal jurisdiction based on Stair's personal knowledge as

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(3)(C)(i).

[2] Plaintiffs are Lizette Caceres; her husband, Rodrigo Caceres; and their two minor children.

Chief Operations Counsel and Assistant Secretary and his review of THH's books and records. In their response, Plaintiffs argued that any personal knowledge gained by Stair from his review of the books and records was inadmissible hearsay.

At a non-evidentiary hearing on THH's motion to dismiss, the trial court agreed with Plaintiffs and found the Stair affidavits legally insufficient:

> I don't think the affidavit is sufficient. I think there's a lot of case law saying – it mostly comes up in the foreclosure world a lot, where these affidavits get submitted based on their records, without submitting them; and so I'm going to find the affidavit insufficient.

After finding the Stair affidavits legally insufficient, the court denied THH's motion to dismiss. THH timely appealed.

## II. ANALYSIS

A trial court's ruling on a motion to dismiss for lack of personal jurisdiction is reviewed de novo. Castillo v. Concepto Uno of Miami, Inc., 193 So. 3d 57, 59 (Fla. 3d DCA 2016) (citing Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla.2002)).

The established procedure in Florida for determining whether a court may exercise personal jurisdiction is set forth in Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla.1989). As this Court recently explained:

Initially, the plaintiff bears the burden of pleading sufficient jurisdictional facts to fall within the long-arm statute. Venetian Salami, 554 So. 2d at 502. "If the allegations in the complaint sufficiently establish long-arm jurisdiction, then the burden shifts to the defendant to contest the jurisdictional allegations in the complaint, or to claim that the federal minimum contacts requirement is not met, by way of affidavit or other similar sworn proof." Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So. 2d 787, 789 (Fla. 3d DCA 1998) (citing Venetian Salami, 554 So. 2d at 502; Field v. Koufas, 701 So. 2d 612 (Fla. 2d DCA 1997)). "If properly contested, the burden then returns to the plaintiff to refute the evidence submitted by the defendant, also by affidavit or similar sworn proof." Id. If the parties' sworn proof is in conflict, "the trial court must conduct a limited evidentiary hearing to resolve the factual dispute." Id.

Meyer Werft GMBH & Co., KG v. Humain, 305 So. 3d 657, 660 (Fla. 3d DCA 2020) (quoting Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa, 241 So. 3d 938, 941-42 (Fla. 3d DCA 2018)).

On appeal, Plaintiffs concede that "Mr. Stair disputed all jurisdictional allegations." However, Plaintiffs maintain that the Stair affidavits are legally insufficient because the books and records that formed the basis of Stair's personal knowledge were not attached to the affidavits. Consequently, Plaintiffs contend the burden has not shifted to them to prove their jurisdictional allegations. We disagree.

4

"To be legally sufficient, the defendant's affidavit must contain factual allegations which, *if taken as true*, show that the defendant's conduct does not subject him to jurisdiction." Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598, 601 (Fla. 2d DCA 2007) (citing Acquadro v. Bergeron, 851 So. 2d 665, 672 (Fla. 2003); Capital One Fin. Corp. v. Miller, 709 So. 2d 639, 640 (Fla. 2d DCA 1998)).

Here, it is undisputed THH submitted sworn proof contesting the jurisdictional allegations in the operative complaint. At this point, the allegations in the affidavit, or other sworn proof, are to be taken as true. See Acquadro, 851 So. 2d at 672 ("In order to prevail on a motion to dismiss, a defendant must file an affidavit containing allegations, which if taken as true, show that the defendant's conduct does not make him or her amenable to service."). The burden then returns to Plaintiffs to prove by sworn proof of their own "the basis upon which jurisdiction may be obtained." Venetian Salami Co., 554 So. 2d at 502. If the affidavits can be harmonized, the trial court will be in a position to make a decision based on undisputed facts. Id. However, if the affidavits are in conflict, the trial court should hold an evidentiary hearing in order to determine the jurisdictional issue. Id. at 503. In other words, it is at this point that evidentiary disputes are resolved.

Because the trial court did not follow the procedure set forth in <u>Venetian Salami</u>, we reverse and remand for further proceedings.

Reversed and remanded.