# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1837
Lower Tribunal No. 16-25424
_____

**HJC Corp., et al.,**
Appellants,

vs.

**Irina Gallardo, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Bowman and Brooke, LLP, and Stephanie M. Simm, John C. Seipp, Jr., and Christine L. Welstead, for appellants.

The Law Offices of Maria L. Rubio, P.A., and Maria L. Rubio, and Sharon C. Tiffany, for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

PER CURIAM.

Appellants HJC Corp. ("HJC") and HJC America, Inc. ("HJCA"), co-defendants below, appeal a November 9, 2020 non-final order denying their

respective motions to dismiss the wrongful death, personal liability action filed by the plaintiff below, appellee Irina Gallardo, as personal representative of the estate of Exsuan Lobo Gallardo. Following a non-evidentiary hearing on appellants' motions to dismiss, the trial court entered the challenged order finding that it had personal jurisdiction over appellants in this case. Appellants timely appealed the challenged order. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(i) (providing district courts of appeal with jurisdiction to review non-final orders that "determine . . . the jurisdiction of the person").

While this appeal was pending, the United States Supreme Court issued its opinion in Ford Motor Co. v. Montana Eighth Judicial District Court, 141 S. Ct. 1017 (U.S. 2021). In its decision, the Supreme Court analyzed certain federal minimum contacts concepts that bear directly on appellants' argument that notions of constitutional due process are offended by haling appellants into a Florida court to defend the instant case. Not only are we uncomfortable applying Ford in the first instance,[1] but any attempt by this Court to do so is virtually impossible because of the current state of the

---

[1] See Akers v. City of Miami Beach, 745 So. 2d 532, 532 (Fla. 3d DCA 1999) ("[T]his court should not ordinarily decide issues not ruled on by the trial court in the first instance.").

record before us. To wit, although the parties, at the non-evidentiary hearing conducted below, attempted to stipulate to the facts that the trial court should consider in adjudicating appellants' motions to dismiss, the parties never reached an actual agreement.[2] Moreover, the record is inconclusive as to whether, at the non-evidentiary hearing, appellants stipulated to the facts in the operative complaint, rather than just that the operative complaint adequately tracked the language of Florida's long-arm statute. Hence, without expressing any opinion on the merits of appellants' arguments presented below, we reverse the challenged order and remand for the trial court to conduct further proceedings.

On remand, the parties may, but are not required to, *clearly* stipulate to the facts that the trial court should consider in adjudicating appellants'

---

[2] While it is clear that the parties intended to proceed below with a non-evidentiary hearing, the hearing transcript reflects that the parties did not actually agree – though, at the time, they may have thought they had – as to the facts the trial court should rely upon in making its ruling. The Court recognizes that the trial court exerted its best efforts below to obtain a concrete stipulation from the parties before proceeding to hear appellants' motions. The trial court's efforts, though, proved futile. We are not unsympathetic to the obstacle facing the trial court. At oral argument before this Court, while the parties seemed to agree that remand for a limited evidentiary hearing was not necessary, such "agreement" was couched not on any genuine stipulation, but, rather, on each party's continuing *disagreement* as to the nature of their stipulation at the non-evidentiary hearing.

motions to dismiss. See Washington Star Syndicate, Inc. v. Wright, 313 So. 2d 444, 445 (Fla. 3d DCA 1975) (recognizing that the parties may stipulate to the facts relevant for the court's consideration of a motion to dismiss for lack of personal jurisdiction). If the parties are unable agree on the facts that the trial court should consider, and if affidavits and other sworn proof submitted by the parties conflict, then the trial court must conduct a limited evidentiary hearing to resolve the conflict. See Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So. 2d 787, 789 (Fla. 3d DCA 1998) ("The trial court can resolve the jurisdictional question solely on the basis of the affidavits, so long as they do not conflict. If the affidavits do conflict, however, then the trial court must conduct a limited evidentiary hearing to resolve the factual dispute.") (citations omitted). As in all cases in which a foreign corporate defendant challenges the trial court's exercise of personal jurisdiction, the trial court's resulting order should carefully analyze both prongs of Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989),[3]

---

[3] "A trial court must determine: (1) whether there exist sufficient jurisdictional facts to bring the action within the purview of Florida's long-arm statute, section 48.193, Florida Statutes; and if so (2) whether the foreign corporation possesses sufficient minimum contacts with Florida to satisfy federal constitutional due process requirements . . . ." Johnny's Pool Super Ctr., Inc. v. Foreverpools Caribbean, LLC, 307 So. 3d 832, 836 (Fla. 3d DCA 2020).

and clearly articulate all requisite factual findings upon which the trial court's ultimate jurisdictional legal conclusions are based.

Reversed and remanded with instructions.