# Third District Court of Appeal
## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2196
Lower Tribunal No. 20-22913
_____

**Phil Collins,**
Appellant,

vs.

**Orianne Cevey Collins Mejjati Bates, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Fisher Potter Hodas, PL, and Jeffrey D. Fisher, Zachary R. Potter, Brendon Carrington, Evan Stein, and Gerald F. Richman (West Palm Beach), for appellant.

Wolfe Law Miami, P.A., and Richard C. Wolfe, for appellee Orianne Bates.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellant (Third-Party Defendant below) Phil Collins appeals from a non-final order denying his motion to dismiss for lack of personal jurisdiction.[1] We affirm because Appellee Orianne Bates's (Counter Plaintiff below) operative Complaint contains sufficient uncontested jurisdictional allegations to establish personal jurisdiction under Florida's long-arm statute.

## I.     BACKGROUND

This case stems from a dispute over a Miami Beach residential property.[2] According to the allegations in Mrs. Bates's operative Complaint, she and Mr. Collins were married in 1999 and divorced in 2008. A few years after the divorce, the parties rekindled their relationship and entered into an oral cohabitation agreement in which Mrs. Bates agreed to relinquish her rights to her residence on Sunset Island and live with Mr. Collins at a newly acquired residence on North Bay Road. Pursuant to the alleged agreement, a Florida LLC[3] would be the record owner of the North Bay Road residence, and Mr. Collins and Mrs. Bates would be 50% owners of the LLC. It is undisputed that Mr. Collins is the sole, 100% shareholder of the LLC.

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), which authorizes appeals from non-final orders that determine the jurisdiction of the person.

[2] The property was sold during this litigation.

[3] 5800 North Bay Road, Miami, LLC

In 2020, the parties' relationship deteriorated, and Mr. Collins moved to Switzerland. In August 2020, Mrs. Bates married Thomas Bates, and he moved into the North Bay Road residence. In October 2020, the LLC filed a complaint seeking to remove Mr. and Mrs. Bates from the property. Mrs. Bates filed a counterclaim against the LLC and a third-party Complaint against Mr. Collins alleging that he breached the cohabitation agreement by failing to transfer 50% of the membership interest in the LLC to Mrs. Bates and for seeking to have her forcibly removed from the North Bay Road residence. Alternatively, Mrs. Bates alleges that Mr. Collins fraudulently induced her to give up her ownership interest in her Sunset Island residence so that she and Mr. Collins could live together at the North Bay Road residence.[4]

With respect to personal jurisdiction, the Complaint alleges that the LLC is registered in Florida and listed as the record title owner of the North Bay Road property. Further, "at all material times" Mr. Collins was a resident of Miami-Dade County. More specifically, the Complaint alleges the parties found the North Bay Road residence together, moved in with their children

---

[4] The Complaint contains seven counts against Mr. Collins, all of which relate to the North Bay Road residence (enforcement and/or breach of contract, fraudulent inducement, promissory estoppel, breach of fiduciary duty, constructive trust and/or equitable lien, breach of oral agreement, and unjust enrichment).

3

in 2015, and lived there together until Mr. Collins vacated the residence and moved to Switzerland in August 2020.

Mr. Collins moved to dismiss for lack of personal jurisdiction arguing that Mrs. Bates's Complaint failed to allege sufficient jurisdictional facts to satisfy Florida's long-arm statute. Mrs. Bates filed a response, and both parties submitted affidavits in support of their jurisdictional arguments. Following a hearing, the trial court denied Mr. Collins's motion to dismiss. Mr. Collins timely appealed.

## II.    ANALYSIS

We review de novo a trial court's ruling on a motion to dismiss for lack of personal jurisdiction. See, e.g., Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002).

The issue before us concerns the sufficiency of the jurisdictional allegations in Mrs. Bates's Complaint. "Procedurally, the plaintiff bears the initial burden of pleading sufficient facts to bring the action within the ambit of the long-arm statute." Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So. 2d 787, 789 (Fla. 3d DCA 1998) (citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989); Washington Cap. Corp. v. Milandco, Ltd., Inc., 695 So. 2d 838 (Fla. 4th DCA 1997); AG Rotors, Inc. v. Haverfield Corp., 585 So. 2d 429 (Fla. 3d DCA 1991)). This may be

4

done by alleging sufficient facts to fit within one or more of the subsections of Florida's long-arm statute or by tracking the language of the long-arm statute. <u>Id.</u>

Mr. Collins maintains that Mrs. Bates failed to allege sufficient jurisdictional facts to bring her action within the ambit of Florida's long-arm statute.[5] We disagree. Though the Complaint does not cite or track the language of the long-arm statute, it does contain sufficient jurisdictional allegations. For instance, the Complaint alleges that "at all material times," Mr. Collins was a resident of Miami-Dade County and that he lived at the North Bay Road residence—the subject of the dispute—with Mrs. Bates from 2015 until he moved to Switzerland in August 2020. The Complaint also

---

[5] Mr. Collins also argues there is no personal jurisdiction due to insufficiency of process because he was not served with a summons. We reject this argument because it was not preserved. Mr. Collins did not challenge the sufficiency of process with respect to Mrs. Bates's November 9, 2020 third-party complaint. Indeed, Mr. Collins's counsel filed a written acceptance of service on November 11, 2020. On appeal, Mr. Collins argues that the acceptance of service was only a partial waiver. More specifically, he argues he only waived his ability to challenge *sufficiency of service* pursuant to Florida Rule of Civil Procedure 1.140(b)(5) and that he did not waive his ability to challenge *sufficiency of process* pursuant to Rule 1.140(b)(4). However, Mr. Collins did not make this nuanced argument in his motion to dismiss Mrs. Bates's December 7, 2020 amended third-party complaint (the operative Complaint). <u>See</u> Fla. R. Civ. P. 1.140(b) ("The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued must be stated specifically and with particularity in the responsive pleading or motion.").

5

alleges that Mr. Collins is the sole shareholder of the Florida LLC that was the owner of record of the North Bay Road residence. These allegations are sufficient to bring the action within the ambit of Florida's long-arm statute. See § 48.193(2), Fla. Stat. (2022) ("A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."); see also Haueter-Herranz v. Romero, 975 So. 2d 511, 516 (Fla. 2d DCA 2008) (holding that defendants were subject to long-arm jurisdiction because they resided in Florida and were being sued for actions taking place in Florida even though defendants were citizens of Spain and Switzerland, were not legal residents of Florida, and did not intend to make Florida their permanent residence).

Since the allegations in the Complaint sufficiently establish long-arm jurisdiction, the burden shifts to Mr. Collins to contest the jurisdictional allegations by way of affidavit or similar sworn proof. See Belz Investco, 721 So. 2d at 789; Venetian Salami, 554 So. 2d at 502. Here, Mr. Collins's affidavit is insufficient to contest the jurisdictional allegations. The affidavit does not dispute that Mr. Collins was a resident of Miami-Dade County at all material times nor does it dispute that Mr. Collins lived at the North Bay Road

6

residence from 2015 to 2020. Instead, the affidavit states the undisputed fact that Mr. Collins currently resides in Switzerland. Moreover, the affidavit is silent as to Mr. Collins's ownership of the Florida LLC, which was the record owner of the North Bay Road property.[6]

Because Mr. Collins's affidavit is insufficient to contest the jurisdictional allegations in the Complaint, our analysis ends here. Cf. Belz Investco, 721 So. 2d at 789 ("If properly contested, the burden then returns to the plaintiff to refute the evidence submitted by the defendant, also by affidavit or similar sworn proof. The trial court can resolve the jurisdictional question solely on the basis of the affidavits, so long as they do not conflict. If the affidavits do conflict, however, then the trial court must conduct a limited evidentiary hearing to resolve the factual dispute." (citations omitted)).

### III. CONCLUSION

Because Mrs. Bates's Complaint contains sufficient jurisdictional allegations to establish personal jurisdiction under Florida's long-arm statute,

---

[6] Many of the assertions in Mr. Collins's affidavit are legal conclusions, which are insufficient to contest the jurisdictional allegations in the Complaint. See Intego Software, LLC v. Concept Dev., Inc., 198 So. 3d 887, 893 (Fla. 1st DCA 2016) ("If a defendant's affidavits supporting dismissal for lack of personal jurisdiction merely assert legal conclusions or otherwise fail to controvert the pertinent factual allegations of a complaint, the burden of proof on the existence or nonexistence of jurisdiction does not shift back to the plaintiff." (citing Acquadro v. Bergeron, 851 So. 2d 665, 673 (Fla. 2003); Lampe v. Hoyne, 652 So. 2d 424, 426 (Fla. 2d DCA 1995))).

and the pertinent factual allegations were not sufficiently contested by Mr. Collins's affidavit, we affirm the trial court's denial of Mr. Collins's motion to dismiss.

Affirmed.