333 So.2d 65 (1976)
Adeline W. WILLIAMS, Formerly Adeline W. Pittman, Appellant,
v.
STREEPS MUSIC COMPANY, INC., Appellee.
No. 75-1838.
District Court of Appeal of Florida, Fourth District.
June 11, 1976.
*66 H. Jay Stevens, Orlando, for appellant.
Byron R. Carter, Orlando, for appellee.
DOWNEY, Judge.
Appellant sued appellee in the circuit court in a three count complaint. Count I alleged that appellee violated Part V of Chapter 559 F.S. 1975 (§§ 559.55-559.75) in the collection of a consumer claim. Count II alleged that appellee wrongfully sold the goods involved without giving appellant notice of sale and an opportunity to buy at the sale. Count III alleged conversion.
On appellee's motion, the trial court dismissed Count I without leave to amend and Count II and III with leave to amend.
The appellate presentation is directed totally at the propriety of the claim stated in Count I. The issue thus joined is whether the claim as alleged falls within the purview of §§ 559.72 and 559.77 F.S.
Count I of appellant's amended complaint reads as follows:
"1. This is an action pursuant to Florida Statute 559.77 and jurisdiction is in the Circuit Court by virtue thereof.
"2. On or about November 13, 1971, Plaintiff purchased a Gibson guitar from Defendant for $194.50 plus state sales tax of $7.78 for a total purchase price of $202.28. Said purchase was for personal, family or household use.
"3. Plaintiff paid to Defendant a cash payment in the amount of $22.28, and entered into an Open-End Credit Agreement which credit was extended by Defendant. A copy of said credit agreement is attached hereto and made a part hereof and marked Plaintiff's Exhibit "A".
"4. On or about November 15, 1971, Defendant assigned the said Agreement to Westinghouse Credit Corporation.
"5. On or about September 18, 1973, Plaintiff's account balance was reduced to $48.83, pursuant to payments made by Plaintiff to Westinghouse Credit Corporation.
"6. On or about November 2, 1973, the Defendant repossessed the said guitar, and Plaintiff delivered said guitar to Defendant upon Defendant's demand.
"7. Thereafter, on November 11, 1973, Defendant sold the said guitar for the sum of $159.95.
"8. As a result of said sale, Plaintiff's account was reduced to a balance of zero on November 12, 1973, and Plaintiff was not indebted to Defendant in any manner whatsoever.
"9. On or about May 30, 1974, Defendant employed Collection Bureau of Orlando, Inc., to collect its account in the name of the Plaintiff, in the amount of $48.83, even though Defendant knew or should have known that the said account had been satisfied in full since on or about November 12, 1973.
"10. On or about June 7, 1974, Collection Bureau of Orlando, Inc., pursuant to its employment agreement with the Defendant, contacted the Plaintiff and made demand for payment of her account with the Defendant in the amount of $48.83.
"11. Defendant thereby attempted to enforce a consumer claim with knowledge that the claim was not legitimate.

*67 "12. Plaintiff, as a result of the actions of Defendant, has been required to enlist the aid of the undersigned attorney and has agreed to pay him a reasonable fee for his representation herein.
WHEREFORE Plaintiff demands judgment against the Defendant in the amount of $500.00, plus costs, interest, and attorneys fees."
Appellant asserts that § 559.72(9) F.S. permits her to maintain an action against anyone attempting to collect a consumer claim unlawfully. Appellee on the other hand contends that §§ 559.55-559.78 F.S. apply only to a "collection agency" as that term is defined in § 559.55. True it is that the greatest portion of §§ 559.55-559.78 deals with collection agencies and their regulation and control by the Division of General Regulation of the Department of Business Regulation. However, § 559.72 is not restricted to collection agencies. It mandates that no person shall engage in certain deferred practices in collecting consumer claims whether licensed by the division or not.[1] It seems to us that this language includes all allegedly unlawful attempts at collecting consumer claims.[2]
If the allegations of appellant's complaint are true that appellee knowing appellant's account was satisfied, attempted to effect the collection of an amount not due, appellant would be entitled to recover the statutory penalties provided in § 559.77 F.S. Thus, the circuit court had jurisdiction of the claim.[3]
Since the trial judge did not state his reasons for dismissing the complaint, it may be that the dismissal resulted from the allegation that appellee knew "or should have known" that the claim was not legitimate. Section 559.72(9) F.S. requires that the person against whom recovery is sought "know" the claim is not legitimate. On remand the allegation "or should have known" should be stricken.
It may be that appellant intends to pursue Counts II and III, which were dismissed without prejudice. On remand leave to amend said counts should be allowed.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
MAGER and ALDERMAN, JJ., concur.
NOTES
[1] "559.72 Prohibited practices generally. 

In collecting consumer claims, whether or not licensed by the division, no person shall:
* * * * *
"(9) Claim, attempt, or threaten to enforce a consumer claim when such person knows that the claim is not legitimate or some other legal right when such person knows that the right does not exist;".
[2] Chapter 72-81, Laws of Florida 1972 (codified as §§ 559.55-559.78, F.S.) bears the following title:

"AN ACT relating to the regulation of consumer collection practices; providing definitions; providing for licensing, fees, and bonding of collection agencies; providing standards governing the issuance of collection agency licenses; providing for prohibited practices applicable to persons generally ... ." (Emphasis added.)
[3] "559.77 Civil remedies. 

(1) A debtor may bring a civil action against a person violating the provisions of this part in the circuit court of the county in which the alleged violator resides or has his principal place of business or in the county wherein the alleged violation occurred. Upon adverse adjudication, the defendant shall be liable for actual damages or five-hundred dollars, whichever is greater, together with court costs and reasonable attorney's fees incurred by the plaintiff... ."