DOWNEY, JAMES C., Associate Judge.
The issue involved on this appeal is whether appellants’ amended complaint alleged sufficient facts indicating a violation of the Florida Consumer Collection Practices Act so as to predicate service of process upon appellee under the Florida Long Arm Statute, Section 48.161, Florida Statutes (1977). The trial court concluded the predicate was insufficient and dismissed the amended complaint with prejudice. We conclude that in so doing reversible error resulted.
The record reflects that appellee is a Minnesota corporation with no office or resident agent in Florida. The accounts receivable of W. T. Grant Company, Bankrupt, were purchased by appellee. In an effort to coerce payment of one of those accounts owed by appellants appellee wrote letters and made telephone calls from outside the state to appellants. The manner in which the collection was undertaken offended appellants, resulting in their filing suit for violation of Chapter 559, Florida Statutes (1977). Service of process was effected pursuant to Section 48.161, Florida Statutes (1977). The trial court’s order denying a continuance and dismissing the complaint with prejudice is the subject of this appeal.
The amended complaint with which we are dealing was brought pursuant to Chapter 559, Florida Statutes. It alleged that appellee was a foreign corporation doing business in Florida as a collection agency pursuant to the definition found in Section 559.55, in that by itself or through others the telephone and mail were used to attempt collection of consumer claims owed or alleged to be owed by appellants to W. T. Grant Company. It was further alleged that appellee engaged in said business either directly or by the method of purchasing accounts from W. T. Grant, as prohibited by Section 559.73. The complaint charged that appellee 1) used simulated legal or judicial process to coerce payment, 2) willfully communicated with appellants on such a frequent basis as to harass them, and 3) disclosed information to a credit bureau concerning the alleged debt without disclosing that the debt was disputed.
The ■ trial court apparently felt that no adequate predicate for use of the Long Arm Statute was alleged because he considered the acts alleged in the complaint to be “transacting any business in Interstate Commerce,” which under Section 607.304, Florida Statutes (1977) would not constitute transacting business in this state. The lat *138 ter statutory section referred to is part of the Florida General Corporation Act and does not control this case because the conduct with which appellee was charged is specifically held to constitute “doing business within this state.” Section 559.55(8)(a) provides:
“Doing business within this state” means entering the State of Florida physically to perform any activity included in the definition of a collection agency in subsection (4), or doing the same from within or without the state by telephone, telegram, mail, or any other form of communication.
Thus, the basis for resort to Section 48.161 is properly and adequately alleged.
Finally, appellee contends it was not a collection agency as defined in Section 559.-55(4)(a), since it was attempting to collect its own debts — not the debts of another. We hold that, while that distinction is valid, it does not change the thrust of appellants’ complaint. In Williams v. Streeps Music Co., Inc., 333 So.2d 65 (Fla. 4th DCA 1976), we held that the provisions of the Consumer Collection Practice Act were not restricted to collection agencies. Rather the language of the Act includes all unlawful attempts at collecting consumer claims. The First District Court of Appeal held likewise in Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (Fla. 1st DCA 1976). A simple amendment to appellants’ Amended Complaint would correctly allege appellee’s true status in this matter, i. e. that appellee was attempting unlawfully to collect its own debts rather than the debts of another.
In view of the foregoing the order appealed from is reversed and the cause is remanded with directions to reinstate the amended complaint and for further proceedings.
LETTS, GAVIN K., and BERANEK, JOHN R., Associate Judges, concur.