731 So.2d 69 (1999)
Pradip JAMNADAS, etc., et al., Appellants,
v.
Mohan SINGH, etc., et al., Appellees.
No. 98-1198.
District Court of Appeal of Florida, Fifth District.
April 1, 1999.
*70 Maureen A. Arago of Maureen A. Arago, P.A., Longwood, for Appellants.
Martin S. Awerbach of Awerbach & Murphy, P.A., Clearwater, for Appellees.

ON MOTION FOR REHEARING/CLARIFICATION
COBB, J.
We grant the appellees' motion for rehearing/clarification and issue this substitute opinion.
This is an appeal from an order dismissing with prejudice Counts VII and X of the plaintiffs' third amended complaint, which counts were directed against various mortgagees. Count VII sought to impose equitable liens in favor of the plaintiffs against several parcels of real property, and a determination that the equitable liens should have priority over recorded mortgages held by the mortgagees on the individual properties. Count X sought a declaratory judgment that some of the same mortgages are void and not enforceable against the plaintiffs.
According to the well pleaded facts of the third amended complaint, the plaintiffs entered into a series of verbal agreements with Mohan Singh and Savitri Singh (the Singhs) for the purchase and improvement of subdivision lots. The plaintiffs gave money to the Singhs with the understanding that the Singhs would purchase said lots. The plaintiffs gave the Singhs a portion of the money needed to purchase the properties and the Singhs agreed to have the acquired lots deeded to the plaintiff Jamnadas' unincorporated business entity, "Sams Properties." The Singhs were then supposed to build single family homes on the lots and the Singhs represented to the plaintiffs that the homes to be constructed were pre-sold. The Singhs allegedly showed the plaintiffs contracts with the alleged purchasers. The plaintiffs were then supposed to receive the return of the initial investment, plus the profits from the sales of the lots and homes.
The plaintiffs allege that the Singhs did not purchase the lots in the name of Sams Properties; instead, the Singhs placed title to the lots in the names of others, including the plaintiffs, without their knowledge or consent. The Singhs then obtained mortgage loans in the names of those to whom the lots had been unwittingly deeded. Those mortgages were given to the mortgagees. The plaintiffs allege that the Singhs maliciously stole their names and credit histories and allowed the mortgages to go into default with no risk to the Singhs' credit rating. The plaintiffs allege these mortgages were forged and void.[1] The plaintiffs allege that the properties were sold or leased and the profits retained by the Singhs.
The mortgagees moved to dismiss the third amended complaint asserting that it failed to allege facts that would constitute a basis for granting an equitable lien having priority over the recorded mortgages. The trial court granted the motion to dismiss with prejudice. We reverse.
The third amended complaint alleges sufficient facts indicating that the mortgages in question were forged. The complaint alleges that the Singhs arranged for mortgages to be forged to various financial institutions, in the names of, among others, the plaintiffs. A forged mortgage is void, a legal nullity. See Southeast Bank, N.A. v. Sapp, 554 So.2d 1193 (Fla. 1st DCA 1989), rev. denied, 564 So.2d 1087 (Fla. 1990). If a void mortgage is ultimately established, the mortgagees may have an equitable lien but such a lien would be *71 compared to that of the plaintiffs, who provided the consideration for the purchase of the lots. Determination as to superiority of the liens cannot be made by way of a motion to dismiss.
The mortgagees maintain that the complaint incorrectly characterizes the mortgages as "forged." The mortgagees assert that the allegations merely allege facts showing the mortgages were obtained under assumed identities, i.e., that the Singhs took title to the subject lots in the name of various third parties, without the knowledge or authorization of those third parties, and that the Singhs then executed the mortgages under those third party names. The mortgagees argue that these facts do not establish a forgery but rather merely allege the acquisition and mortgaging of real property under assumed names.
Forgery exists under Florida law where the defendant makes a writing which falsely purports to be the writing of another, made with the intent to injure or defraud any person. The instrument in question additionally must have some legal efficacy. See Rushing v. State, 684 So.2d 856 (Fla. 5th DCA 1996), rev. denied, 694 So.2d 739 (Fla.1997). See also § 831.01, Fla. Stat.[2] The complaint alleges facts tending to establish each of these elements. It is alleged that the Singhs made writings which falsely purport to be the writings of others. The complaint continues that these writings were made maliciously, that the Singhs "maliciously stole [plaintiffs] name and credit history ... to conceal the purchase from [plaintiffs] [who had provided the money for the purchases], and to obtain financing at a higher amount and lower rate than available for investor loans, and to allow the property to go into foreclosure without risk to [Singh's] credit rating." Finally, the writings in question were loan and mortgage documents which clearly have legal efficacy.
We reject the mortgagees' claim that the plaintiffs have not alleged forgery but rather only allege the acquisition and mortgaging of real property under assumed names. Under this theory, there could never be a forgery, only circumstances of assumed identity. The complaint sufficiently alleges that the mortgages were forged.
REHEARING/CLARIFICATION GRANTED; ORDER REVERSED AND REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] There are no allegations in the third amended complaint that the mortgagees had any knowledge that the plaintiffs had supplied any funds to the Singhs, or that the mortgagees participated in any fraud against the plaintiffs.
[2] Section 831.01 provides:

Whoever falsely makes, alters, forges or counterfeits a public record, or a certificate, return or attestation of any clerk or register of a court, public register, notary public, town clerk or any public officer, in relation to a matter wherein such certificate, return or attestation may be received as legal proof; or a charter, deed, will, testament, bond, or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange or promissory note, or an order, acquittance, or discharge for money or other properly, or an acceptance of a bill of exchange or promissory note for the payment of money, or any receipt for money, goods or other property, or any passage ticket, pass or other evidence of transportation issued by a common carrier, with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.