819 So.2d 809 (2002)
Clayton Eugene SCHAUER, Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORP. and Morse Operations, d/b/a Ed Morse Chevrolet, Appellees.
Nos. 4D01-357, 4D01-1104.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
Opinion on Grant of Clarification June 26, 2002.
*811 Diane H. Tutt and Sharon C. Degnan of Diane H. Tutt, P.A., Plantation, for appellant.
Marie P. Montefusco and Frank A. Montefusco of Moody, Jones, Montefusco & Krause, P.A., Plantation, for appellee General Motors Acceptance Corp.
Glen R. Goldsmith of Glen R. Goldsmith & Associates, P.A., Miami, for appellee Morse Operations, Inc., d/b/a Ed Morse Chevrolet.
POLEN, C.J.
Clayton Eugene Schauer timely appeals after the court dismissed his six-count complaint against General Motors Acceptance Corporation (GMAC) and Morse Operations, Inc., d/b/a Ed Morse Chevrolet (Morse). We affirm in part and reverse in part.
This case arose from the sale of a used car by Morse to Schauer's stepdaughter. Schauer co-signed his stepdaughter's loan from GMAC. He later sued Morse and GMAC. He pled three separate counts against GMAC: violations of the Florida Consumer Collection Practices Act and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and fraud and deceit based on agency principles. As to Morse, he pled violation of the FDUTPA, fraud and deceit, and forgery.
He amended his complaint two times. The court subsequently dismissed the second amended complaint as to GMAC with prejudice, but allowed him to amend his complaint as to Morse. It later dismissed his third amended complaint as to Morse with prejudice. This appeal followed.

FLORIDA CONSUMER COLLECTION PRACTICES CLAIM AGAINST GMAC
Schauer first argues the court erred in dismissing his Florida Consumer Collection Practices Act claim against GMAC. The Act seeks in part to protect in-state consumers from the illegal and/or unscrupulous practices of debt collectors *812 and other persons.[1]Coastal Physician Svcs. of Broward County, Inc. v. Ortiz, 764 So.2d 7 (Fla. 4th DCA 1999)(on reh'g); § 559.72, Fla. Stat. (1999). Section 559.55(6), Florida Statutes (1999), one of the sections comprising the Act, defines "debt collector" as one who "attempts to collect ... debts owed or ... due another." The statute specifically excludes "[a]ny ... creditor ... collecting debts for such creditor," as well as "a debt which was not in default at the time it was obtained by such person ...." § 559.55(6)(a), (f), Fla. Stat. (1999). It further defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." § 559.55(3).
By virtue of Schauer's allegations, GMAC is a creditor, as it extended him credit to buy the car. Because the allegations addressed GMAC's attempts to collect on this loan, GMAC cannot be considered a "debt collector" under sections 559.55(6)(a) and (f).
Still, Schauer maintains GMAC would still qualify as a "person" otherwise subject to the Act under section 559.72, Florida Statutes (1999). That section provides that "[i]n collecting consumer debts, no person shall ..." (Emphasis supplied.) The statute goes on to list certain prohibited acts or practices. Section 559.77, Florida Statutes (1999) provides that a debtor may bring a civil action against a person violating the Act for actual damages, costs and reasonable attorney's fees, punitive damages, and other equitable relief.
While the Act does not define the term "person," it is not restricted to debt collectors. It also mandates that no person shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So.2d 65, 67 (Fla. 4th DCA 1976); accord White v. Fed. Fin. Corp., 379 So.2d 136, 138 (Fla. 5th DCA 1980). As we hold GMAC qualifies as a person under the Act, we reverse dismissal of this count.

FDUTPA CLAIM AGAINST GMAC
Schauer also challenges dismissal of his FDUTPA claim against GMAC. This Act protects consumers from those "who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat. (1999). A violation of the Act may be based on "unfair, deceptive, or unconscionable acts or practices." § 501.203(3)(c), Fla. Stat. (1999).
Construing the Act liberally as we must, Cummings v. Warren Henry Motors, Inc., 648 So.2d 1230 (Fla. 4th DCA 1995), Schauer is a consumer. See § 501.203(7), Fla. Stat. (1999). GMAC's alleged actions also fell within the statute's broad definition of "trade or commerce."[2] As Schauer alleged sufficient facts to show GMAC violated this Act by willfully harassing him and his family with respect to the collection of its debt, this cause of action should have survived dismissal.

FRAUD AND DECEIT CLAIM AGAINST GMAC
He further argues he sufficiently pled a claim against GMAC for fraud and deceit arising out of the Federal Trade *813 Commission (FTC) Holder Rule. The FTC Holder Rule provides, in part,
In connection with any sale or lease of goods or services to consumers, ... it is an unfair or deceptive act or practice... for a seller, directly or indirectly, to:
(a) Take or receive a consumer credit contract which fails to contain the following provision.
. . .
NOTICE
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
16 C.F.R. § 433.2(a) (1999).
While "[t]he rule is expressly designed to compel creditors to either absorb seller misconduct costs or seek reimbursement of those costs from sellers," Tinker v. DeMaria Porsche Audi, Inc., 459 So.2d 487, 492 (Fla. 3d DCA 1984)(footnotes omitted), review denied, 471 So.2d 43 (Fla. 1985), it is ordinarily used as a shield, not as a sword for consumers to seek affirmative relief. A recognized exception to this limitation is where a consumer maintains an action against the creditor for a return of monies paid on an account. 40 Fed. Reg. 53,505, 53,524 (1975)(cited in Crews v. Altavista Motors, Inc., 65 F.Supp.2d 388, 390 (W.D.Va.1999)). However, such relief "will only be available where a seller's breach is so substantial that a court is persuaded that rescission and restitution are justified." Id. Because Schauer did not allege that he ever made any payments to GMAC, or that his claim was so large that it exceeded the remainder of any debt owed to GMAC, we do not believe he alleged the rare situation where he could use this rule as a sword. Accordingly, we affirm dismissal of this count. Cf. Crews, 65 F.Supp.2d at 391; Irby-Greene v. M.O.R., Inc., 79 F.Supp.2d 630 (E.D.Va. 2000).

FDUTPA CLAIM AGAINST MORSE
In this count, Schauer alleged that Morse deceived him by fraudulently inducing him to sign the subject retail sales installment contract, charging him premiums for insurance it never obtained, and misrepresenting his true obligations without ever advising him of the nature of his liability. While Morse argues Schauer should be deemed to have read the contract before he signed it, the allegations still suggest at a minimum that Morse's actions were unfair or deceptive. Construing the Act liberally, and taking his allegations as true, we hold he stated a cause of action under the Act. However, to the extent that he alleged consequential, speculative, or other special damages, we agree with Morse that same may not be recovered under the Act. See Urling v. Helms Exterminators, Inc., 468 So.2d 451 (Fla. 1st DCA 1985); § 501.211, Fla. Stat. (1999).

FRAUD AND DECEIT CLAIM AGAINST MORSE
In this count, he alleged that Morse fraudulently induced him to sign the subject contract, forged his name to the credit application form, and had him sign unspecified documents which contained blanks. In an action for fraud and deceit, a plaintiff must allege with reasonable certainty that 1) the defendant made a representation on which the plaintiff was meant to act; 2) the defendant knew the representation was false; and 3) the *814 plaintiff relied on the representation to his detriment. Am. Intern. Land Corp. v. Hanna, 323 So.2d 567, 569-70 (Fla.1975)(footnotes omitted).
In this regard, we hold Schauer stated a cause of action to the extent he alleged that 1) Morse told him the papers he signed were an insignificant necessity to his stepdaughter's obtaining credit; 2) Morse forged his signature to the credit application; and 3) Morse had him sign documents that contained blanks. However, we affirm dismissal with respect to the remainder of the allegations in this count as they were not alleged with reasonable certainty, and further amendment would not cure these defects.

FORGERY CLAIM AGAINST MORSE
Finally, he argues his forgery claim against Morse should have survived dismissal. "Forgery exists under Florida law where the defendant makes a writing which falsely purports to be the writing of another, made with the intent to injure or defraud any person." Jamnadas v. Singh, 731 So.2d 69, 71 (Fla. 5th DCA 1999) The instrument in question must have some legal efficacy. Id. (citation omitted); § 831.01, Fla. Stat. (1999). As Morse argues, forging his signature to the credit application would have had no legal efficacy because he was not obligated to sign or make payments under the separate retail sales installment contract. As such, we affirm dismissal of this count.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
STEVENSON, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.
STONE, J., concurring in part and dissenting in part.
I would affirm as to the consumer protection practices count against GMAC. In all other respects, I concur in the opinion.

ON MOTION FOR REHEARING AND CLARIFICATION
POLEN, C.J.
We deny Appellant's motion for rehearing, but grant the motion for clarification, and accordingly write to clarify that portion of the original opinion wherein we state that "forging his signature to the credit application would have no legal efficacy because he was not obligated to sign or make payments...." We neither hold nor imply that there is no legal efficacy to an automotive dealership's forgery of a credit application. We hold that the document at issue in this case has no legal efficacy as to the Appellant. As a result, Appellant cannot support a forgery allegation. See, e.g., Zurstrassen v. Stonier, 786 So.2d 65 (Fla. 4th DCA 2001).
STONE and STEVENSON, JJ., concur.
NOTES
[1] The Florida Act is different than its federal counterpart because it is not limited to debt collectors. Cf. 15 U.S.C. § 1692 et. seq.
[2] "Trade or commerce" is defined by the Act as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service ..." § 501.203(8), Fla. Stat. (1999)(emphasis supplied).