VAN NORTWICK, J.
 

 Robin Morgan appeals a final judgment dismissing her counterclaim for damages under section 559.72, Florida Statutes (2009), a part of the Florida Consumer Collection Protection Act (FCCPA), for allegedly abusive conduct in collecting a debt. Morgan and her attorney, Bruce Committe, also challenge that part of the final judgment which incorporates a final order awarding attorney’s fees to appellees pursuant to section 57.105, Florida Statutes (2009), to be paid in equal measure by Morgan and Committe. Because Morgan’s debt to the firm is an “obligation of a consumer to pay money arising out of a transaction in which the ... services which are the subject of the transaction are primarily for personal ... purposes ...,” section 559.55(1), Florida Statutes (2009), her debt constitutes a “consumer debt” under the FCCPA. Accordingly, we reverse and remand for further proceedings.
 

 In May 2006, Morgan retained the law firm of Arnold
 
 &
 
 Wilkins to represent her in a personal legal matter. The agreement for representation provided that Morgan was to pay $2,500 in advance of any representation. Morgan did not pay in full when a demand for payment was made. Arnold & Wilkins filed a small claims action against her in county court after John Wilkins’ personal attempts to secure payment failed. Through counsel Bruce Committe, Morgan filed a counterclaim against the law firm, John Wilkes personally, and his assistant, seeking in excess of $15,000 in damages for a violation of the FCCPA, chapter 559, Florida Statutes.
 

 The counterclaim was removed to circuit court. Wilkins moved to dismiss the counterclaim on the ground that the counter defendants are not debt collectors. Morgan responded to the motion to dismiss by arguing that the FCCPA applies not only to a collection agency, but to any party seeking to collect a consumer debt.
 

 Following a hearing, the circuit court entered an order granting the motion to dismiss. In pertinent part, the order provides:
 

 THE COURT FINDS that the consumer debt collections prohibitions of Fla. Stat. 559.72, the alleged violations of which are the basis of Morgan’s allegations in her counter claims against (1) Wilkins, (2) Arnold & Wilkins, P.A., and (3) Jane Doe Debbie, only apply to debt collectors, and the statute defines “debt collectors” as entities collecting the consumer accounts of others and not creditors collecting their own accounts as Morgan has alleged counter-defendants were doing in this case.
 

 Wilkins also moved for sanctions under section 57.105 arguing that Morgan’s counterclaim was not authorized under the FCCPA. Morgan opposed the motion, arguing that the FCCPA applies to any party seeking to collect a debt. The trial court entered an order granting attorney’s fees, and in the final judgment which followed, the trial court explained that an award of fees was warranted on the authority of section 57.105. The trial court explained:
 

 this Court found as a matter of law that the position of Robin Morgan and more importantly, her attorney Bruce Com-mitte’s reliance upon prior case authority was contrary to the relevant statute and was not well placed. Robin Morgan and her attorney were given an opportunity to dismiss the Counter-Claim upon which the request for attorney’s fees
 
 *181
 
 was based. More specifically, Robin Morgan and her attorney Bruce Com-mitte knew or should have known, based upon current Florida law that the claim was not supported by Florida case law or Florida statutory law, in violation of Florida Statute 57.105(l)(b).
 

 The final judgment also incorporated the order which dismissed Morgan’s counterclaim. Morgan was ordered to pay appel-lees the amount of $2,480, plus interest, pursuant to the judgment entered on ap-pellee’s claim of breach of contract, and Morgan and Committe were ordered to pay, in equal parts, the amount of $7,500 in attorney’s fees.
 

 On appeal, Morgan and Committe argue that the trial court erred in concluding that the FCCPA did not apply to the appellees because they are not debt collectors. Appellees concede that the trial court was in error when it ruled that FCCPA pertains only to debt collectors, as that term is defined in the Act. Appellees argue, however, that the trial court reached the right result for the wrong reason because Morgan’s debt was not a debt within the purview of the FCCPA since the debt did not flow from an extension of credit. They are incorrect.
 

 The FCCPA precludes certain conduct “[i]n collecting consumer debts.... ” § 559.72, Fla. Stat. (2009).
 
 [1]
 
 The term “debt” is defined in section 559.55(1) as follows:
 

 (1) “Debt” or “consumer debt” means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to a judgment.
 

 There is no suggestion in this provision that a debt or consumer debt arises only after there has been an extension of credit. Appellees’ erroneous argument that there must be an extension of credit for the FCCPA to apply is premised on the definition of “debt collector.”
 
 [2]
 
 However, a debt collector is not the only party to whom the FCCPA applies. Section 559.72 provides that “no person” shall engage in certain practices while attempting to collect a consumer debt. Moreover, “a creditor” is defined in section 559.95(3) as
 

 any person who offers or extends credit creating a debt
 
 or to whom a debt is owed,
 
 but does not include any person to the extent they receive an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.
 

 (Emphasis added).
 

 In support of their argument that relief is only warranted when there has been an extension of credit, appellees rely upon
 
 St. Pierre v. Winn Dixie Stores, Inc.,
 
 592 So.2d 1252, 1253 (Fla. 4th DCA 1992), which explained that “[cjlearly, by its un
 
 *182
 
 ambiguous terms, the Act applies only to the collection of consumer claims and requires the extension of credit. §§ 559.55(1), 559.72, Fla. Stat. (1981).”
 
 St. Pierre,
 
 however, was construing the 1981 version of the statute, a version significantly different from the 2009 version under which Morgan sought relief. Under the 1981 version of section 559.55, only three terms are defined: (1) “claims or consumer claim,” (2) “debtor or consumer,” and (3) “creditor.” The term “claim or consumer claim” was defined as follows:
 

 (1) “Claim” or “consumer claim” means any obligation for the payment of money or its equivalent arising out of a transaction
 
 wherein credit has been offered or extended
 
 to a natural person, and the money, property, or service which was the subject of the transaction was primarily for personal, family, or household purposes. The term includes an obligation of a natural person who is a comaker, endorser, guarantor, or surety as well as the natural person to whom such credit was originally extended.
 

 (Emphasis added). Thus, the 1981 statute clearly requires an offer or extension of credit. By contrast, under the 2009 version of Florida Statutes, by which time the 1981 definition of “claim” or “consumer claim” had been replaced, a debt is “any obligation ... of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes.... ” § 559.55(1), Fla. Stat. (2009). Thus, under the applicable statute, no extension of credit is required.
 

 Appellees argue that
 
 St. Pierre
 
 is “somewhat reinforced” by
 
 Schauer v. General Motors Acceptance Corp.,
 
 819 So.2d 809 (Fla. 4th DCA 2002).
 
 Schauer
 
 does not demand affirmance or otherwise support the argument that the FCCPA only applies when there has been an extension of credit. The
 
 Schauer
 
 court noted that a creditor for purposes of the Act is “any person who offers or extends credit creating a debt
 
 or to whom a debt is owed.” Id.
 
 at 812 (quoting § 559.55(3)) (emphasis added). Because in
 
 Schauer
 
 GMAC extended credit for the purchase of a car, GMAC qualified as a creditor for the purposes of the FCCPA.
 
 Schauer
 
 does not hold that only a party who extends credit may be deemed a creditor under FCCPA.
 

 Here, the trial court erred as a matter of law in entering the order dismissing the counterclaim. Morgan incurred an obligation in connection to a transaction with Arnold and Wilkins, P.A., for the provision of legal services. Morgan’s obligation to the law firm falls within the definition of debt in section 559.55(1). Accordingly, the final judgment must be reversed. We also reverse the award of attorney’s fees which is incorporated in the final judgment.
 

 REVERSED and REMANDED for further proceedings consistent with this opinion.
 

 WETHERELL and ROWE, JJ., concur.
 

 [1]
 

 . A different portion of chapter 559, sections 559.541-559.548, governs "commercial” — as opposed to "personal, family, or household” — collection practices.
 

 [2]
 

 . Section 559.55(6) defines as "debt collector” as
 

 any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term 'debt collector' includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts.