NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARIAN GANN,                                )
                                            )
            Appellant,                      )
                                            )
v.                                          )        Case No. 2D12-6271
                                            )
BAC HOME LOANS SERVICING LP,                )
n/k/a BANK OF AMERICA, N.A.,                )
                                            )
            Appellee.                       )
_____)

Opinion filed August 15, 2014.

Appeal from the Circuit Court for Lee
County; Sherra Winesett, Judge.

Joseph C. LoTempio of The Dellutri Law
Group, P.A., Fort Myers, for Appellant.

Joseph F. Poklemba and K. Denise Haire
of Blank Rome, LLP, Boca Raton, for
Appellee.

SILBERMAN, Judge.

        In her action for alleged violations of the Florida Consumer Collection

Practices Act (FCCPA) against BAC Home Loans Servicing LP, n/k/a Bank of America,

N.A. (the Bank), Marian Gann appeals a final order dismissing with prejudice her

complaint for failure to state a cause of action.  We reverse the order to the extent that it

dismisses count one and remand for further proceedings.

Gann filed a two-count complaint against the Bank, alleging a violation of the FCCPA and a violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). She does not contest the dismissal of count two for alleged violations of the FDUTPA. In count one, Gann alleged that the Bank entered into a permanent loan modification in connection with her mortgage loan and that she kept all payments current pursuant to the terms of the modification. She further alleged that the Bank subsequently notified her of an alleged default although all payments were timely made pursuant to the modification. Gann further alleged that the Bank breached its duty to her and ignored the terms of the modification. She asserted that in its collections actions and communications to her the Bank violated the FCCPA, including section 559.72(9), Florida Statutes (2011). Attached to Gann's complaint as an exhibit are the two letters that she alleges violated the FCCPA. Both parties rely on these two letters in making their respective arguments.

In the first letter, the first section of the letter states as follows:

**IMPORTANT MESSAGE ABOUT YOUR HOME LOAN**

We recently received your payment in the amount of $780.76. This payment was less than the total amount needed to bring your loan up to date. However, we have applied the above referenced payment to your loan in accordance with your loan terms. The total amount due after we applied your payment is $436.97.

We previously sent you a notice informing you of the amount needed to reinstate your loan. The expiration date provided on that notice remains in effect. If the amount due is not received by the specified due date, foreclosure proceedings may begin or continue.

(Emphasis added.) The letter also states, "If you are having difficulty making your home loan payment, we can work with you to determine what options may be available to

assist you." And the letter provides that the lender has not waived its rights under the loan documents by accepting less than the amount owed.

In the second letter, the first section of the letter states as follows:

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Thank you for your recent payment to Bank of America, N.A., your home loan servicer.

However, your loan payment for the current month has not been received. As of September 13, 2011, the total due on your loan is $414.30, which includes the payment due on September 01, 2011.

Later in the letter it states that "it is vital that the full amount currently due is paid in order to avoid other default-related actions, which may include returning payments that are less than the total amount owed." (Emphasis added.) The letter then states, "Please send us the total amount due, $414.30, immediately or contact our office to discuss a mutually acceptable repayment agreement." (Emphasis added.)

The Bank filed a motion to dismiss the complaint and, with respect to the FCCPA claim, argued that the enforcement of a security interest such as a mortgage is not considered the collection of a consumer debt under the Federal Debt Collection Practices Act (the Federal Act). The Bank further argued that when applying the FCCPA due consideration and weight should be given to the interpretation of federal law. The Bank contended that Gann's complaint demonstrated that the Bank was seeking to enforce a security interest and that the Bank's conduct does not fall within the scope of the FCCPA.

The only issue before the trial court on the motion to dismiss was whether the correspondence from the Bank could be construed as an attempt to collect a

consumer debt. After a hearing, the trial court entered an order granting the Bank's motion to dismiss with prejudice. The order states, "Because the Letters did not contain language which could be construed as an attempt to collect on the underlying debt, [the Bank's] communications therein were merely attempts to enforce its security instrument and not attempts to collect a consumer debt."

A ruling on a motion to dismiss concerning a question of law is subject to de novo review. Fla. Bar v. Greene, 926 So. 2d 1195, 1199 (Fla. 2006). A motion to dismiss tests the legal sufficiency of the complaint and does not determine factual issues. Id. The complaint's allegations "must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party." Id. The trial court confines itself to considering the four corners of the complaint when ruling on a motion to dismiss. Swope Rodante, P.A. v. Harmon, 85 So. 3d 508, 509 (Fla. 2d DCA 2012).

Section 559.72(9) provides as follows:

In collecting consumer debts, no person shall:

. . . .

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

With reference to section 559.72(9), the gist of Gann's claim is that the Bank sought to enforce a debt that was not legitimate because the parties had entered into a modification of the loan and that Gann was current on her payments.

In the section allowing for civil remedies against a person violating the provisions of section 559.72, the FCCPA states that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the

Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." § 559.77(5); see also Kelliher v. Target Nat'l Bank, 826 F. Supp. 2d 1324, 1327 (M.D. Fla. 2011). In addition, "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." § 559.552.

The trial court erred in granting the Bank's motion to dismiss when it determined that the Bank was only trying to enforce a security interest and not trying to collect a consumer debt from Gann. The trial court and the Bank relied upon the federal decision of the Middle District of Florida in Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d 1356 (M.D. Fla. 2007), aff'd, 288 F. App'x 571 (11th Cir. 2008). In Trent, the Middle District explained that "the purpose and intent of the FCCPA, like the [Federal Act], is to eliminate abusive and harassing tactics in the collection of debts. It is not meant to preclude a creditor or someone otherwise holding a secured interest from invoking legal process to foreclose." Id. at 1361. The court concluded that "filing a foreclosure lawsuit is not a debt collection practice under § 559.72 of the FCCPA." Id.

The court then went on to consider whether presuit letters or notices violated section 559.72(9). The court determined that MERS' conduct did not violate section 559.72(9) because the debt was legitimate and MERS as mortgagee had the ability to foreclose. Id. at 1362. The court also determined that MERS did not violate section 559.72 by referring to itself as a "creditor" in the notice. Id. at 1363-64. But the court did not state that the presuit notice was not an attempt to collect a consumer debt.

Subsequent to Trent, the Eleventh Circuit considered a claim under the Federal Act based on a letter and enclosed documents that a law firm representing the lender sent to the debtors which demanded payment of the debt and threatened to foreclose on the property if the debtors did not pay. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1214 (11th Cir. 2012). The law firm moved to dismiss the complaint for failure to state a claim and argued, among other things, that the letter and documents attached to the complaint did not constitute debt collection activity but instead were only an attempt to enforce its client's security interest. Id. at 1215. The district court dismissed the claim, and the Eleventh Circuit reversed. Id. at 1218-19.

The Reese case involved both a promissory note and a security interest, and the promissory note is a debt within the plain language of the Federal Act. Id. at 1217. The letter stated "that the 'Lender hereby *demands full and immediate payment* of all amounts due.' " Id. The letter also threatened "that 'unless you pay all amounts due and owing under the Note,' attorney's fees 'will be added to the total amount *for which collection is sought.*' " Id. The other documents also had language indicating that the law firm was " 'ATTEMPTING TO COLLECT A DEBT.' " Id.

The Eleventh Circuit rejected the law firm's argument that the purpose of the letter and documents was only to enforce a security interest. Id. "That argument wrongly assumes that a communication cannot have dual purposes." Id. The court recognized that if it had adopted the law firm's argument "[t]he practical result would be that the [Federal] Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the [Federal Act]." Id. at 1218. Rather, "[a] communication related to debt

collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a 'debt' even if it is secured." Id.; see also Birster v. Am. Home Mortg. Servicing, Inc., 481 F. App'x 579, 583 (11th Cir. 2012) ("Reese provides that an entity can both enforce a security interest *and* collect a debt.").

Here, the language in the letters from the Bank to Gann do not explicitly state that it is attempting to collect a debt as the documents did in Reese. However, the first letter states that if the Bank does not receive a specific amount due by a specified date, "foreclosure proceedings may begin or continue." The second letter states that "it is vital that the full amount currently due is paid" and asks Gann to send "the total amount due, $414.30, immediately" or contact the Bank's office. The letters plainly seek collection of an alleged debt.

Therefore, the trial court erred in determining that the letters did not contain language that could be construed as an attempt to collect on the underlying debt and only were attempts to enforce the Bank's security instrument. Accordingly, we reverse the order to the extent it dismisses the FCCPA claim in count one.

We note that the Bank makes an alternative argument on appeal that Gann's complaint was subject to dismissal because the Bank is not a debt collector under the FCCPA. The Bank did not argue this as a ground for dismissal in its motion or at the hearing. In fact, defense counsel asserted that the only issue at the hearing was whether debt collection activity had occurred.

Moreover, Florida courts have recognized that the FCCPA applies not only to debt collectors but also to any "person." See Schauer v. Gen. Motors Acceptance

Corp., 819 So. 2d 809, 812 (Fla. 4th DCA 2002); see also § 559.72 (providing that "[i]n collecting consumer debts, no person shall . . . "). This provision "includes all allegedly unlawful attempts at collecting consumer claims." Schauer, 819 So. 2d at 812. Thus, the Fourth District determined that GMAC, the creditor, qualified as a person under the FCCPA and reversed the dismissal of the count against GMAC. Id. In doing so, the Schauer court noted that "[t]he Florida Act is different than its federal counterpart because it is not limited to debt collectors." Id. at 812 n.1.

Furthermore, in Morgan v. Wilkins, 74 So. 3d 179, 181 (Fla. 1st DCA 2011), the appellees conceded "that the trial court was in error when it ruled that FCCPA pertains only to debt collectors, as that term is defined in the Act." The court stated that "[s]ection 559.72 provides that 'no person' shall engage in certain practices while attempting to collect a consumer debt." Id.; see also Kelliher, 826 F. Supp. 2d at 1327 ("Although the [Federal Act] does not apply to original creditors, the FCCPA has been interpreted to apply to original creditors as well as debt collection agencies.").

Therefore, we reject the Bank's alternative argument on appeal because the FCCPA applies to the Bank. Accordingly, we reverse the order to the extent that it dismisses count one and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and BLACK, JJ., Concur.