NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HASKEL REALTY GROUP, INC., a )
Florida corporation, )
            )
            Appellant, )
            )
v. )       Case No. 2D17-1032
            )
KB TYRONE, LLC, a Florida limited )
liability company, )
            )
            Appellee. )
_____ )

Opinion filed August 3, 2018.

Appeal from the Circuit Court for Pinellas
County; Patricia Ann Muscarella, Judge.

Samuel J. Heller of Heller Law,
PLLC, St. Petersburg, for Appellant.

Marion Hale and Sharon E. Krick of
Johnson, Pope, Bokor, Ruppel &
Burns, LLP, Clearwater, for Appellee.

KELLY, Judge.

        Haskel Realty Group, Inc. appeals from the trial court's order dismissing

its fourth amended complaint with prejudice for failure to allege a cause of action

against KB Tyrone, LLC.  We reverse and remand for further proceedings.

When considering a motion to dismiss for failure to state a cause of action, a trial court must assume the allegations of the complaint are true and resolve all reasonable inferences in favor of the plaintiff.  Swope Rodante, P.A. v. Harmon, 85 So. 3d 508, 509 (Fla. 2d DCA 2012); see also Brooke v. Shumaker, Loop & Kendrick, LLP, 828 So. 2d 1078, 1080 (Fla. 2d DCA 2002) ("In ruling on a motion to dismiss, the trial court must confine itself to the four corners of the complaint, accept the allegations of the complaint as true, and construe the allegations in the light most favorable to the plaintiff.").  "A motion to dismiss tests the legal sufficiency of the complaint and does not determine factual issues."  Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906, 908 (Fla. 2d DCA 2014); see Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc., 137 So. 3d 613, 615-16 (Fla. 2d DCA 2014) (stating that a motion to dismiss is not a substitute for a motion for summary judgment).  Applying these principles to Haskel's fourth amended complaint, we conclude the allegations in the complaint sufficiently state causes of action for breach of an oral contract, unjust enrichment, and quantum meruit against KB Tyrone.

To state a cause of action for breach of an express oral contract a complaint need only allege facts that establish the existence of a contract, performance by the plaintiff, a material breach of the agreement by the defendant, and resulting damages.  Baron v. Osman, 39 So. 3d 449, 451 (Fla. 5th DCA 2010); Carole Korn Interiors, Inc. v. Goudie, 573 So. 2d 923, 924 (Fla. 3d DCA 1990).  In its count for breach of contract, Haskel alleges that it orally agreed with a representative of KB Tyrone that Haskel would receive a $150,000 commission if it procured a CVS lease for real property owned by KB Tyrone, that Haskel procured the lease, and that KB Tyrone

refused to pay the agreed upon commission and, as a result, Haskel was damaged. This was sufficient to state a cause of action for breach of an oral contract, and the trial court erred when it dismissed this count of the complaint.

The complaint also alleges counts for unjust enrichment and quantum meruit. KB Tyrone argued these claims had to be dismissed because they were negated by the allegations in count one stating that the parties had an express oral contract. This argument has no merit. It is evident from the complaint that Haskel pleaded these counts as alternatives to its claim for breach of an oral contract. The Florida Rules of Civil Procedure clearly permit a plaintiff to state causes of action in the alternative. See Fla. R. Civ. P. 1.110(g) (noting that a party may state as many separate claims as that party has, "regardless of consistency and whether based on legal or equitable grounds or both"); see also Johnson v. Dep't of Health & Rehab. Servs., 695 So. 2d 927, 930 (Fla. 2d DCA 1997) (stating that a party may assert inconsistent claims in the same pleading even when the claims are mutually exclusive).

Accordingly, we reverse the order dismissing the complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and CRENSHAW, JJ., Concur.