DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JYQUIS THOMAS,

Appellant,

v.

TRENCH TRAINING SYSTEMS, LLC; D-1 SPORTS
FRANCHISE, LLC; D-1 TRAINING, INC., TAMPA; and TAYLOR
SCOTT,

Appellees.

No. 2D22-2857

_____

December 29, 2023

Appeal from the Circuit Court for Hillsborough County; Emmett Lamar
Battles, Judge.

Brian C. Tackenberg, John G. Crabtree, Charles M. Auslander, and
Linda A. Wells of Crabtree & Auslander, LLC, Key Biscayne; and Brian L.
Elstein of Jack Bernstein, P.A., Tampa, for Appellant.

Eric O. Husby, Land O'Lakes, for Appellee Trench Training Systems, LLC.

No appearance for remaining Appellees.


KHOUZAM, Judge.

Jyquis Thomas timely appeals a final order dismissing with
prejudice his negligence complaint as to Trench Training Systems, LLC.

Mr. Thomas contends on appeal that the trial court should not have dismissed the complaint because it states a cause of action or, in the alternative, he should have been granted leave to amend. Because we agree with Mr. Thomas that the complaint states a cause of action, we reverse the dismissal without reaching the issue of amendment.

## BACKGROUND

Mr. Thomas initiated this action in July 2019 by filing a one-count complaint against Trench as the only defendant. The complaint alleged that Trench had negligently failed to properly install and maintain synthetic turf at an athletic training facility, ultimately causing Mr. Thomas to be injured while training on the dangerous turf as Trench's business invitee at Trench's instruction. Trench answered the complaint without moving to dismiss it. Mr. Thomas filed a reply.

A little more than a year later, in August 2020, Mr. Thomas filed an amended complaint. The amended complaint added four defendants and new counts. Count I remained as a negligence claim against Trench, largely tracking the original complaint. Counts II through V were new negligence claims against the new defendants, alleging each had some ownership interest in or possession and control of the premises.

Two of the new defendants—but not Trench—jointly moved to dismiss the new claims against them. They argued a lack of personal jurisdiction and also asserted that the complaint was deficient for containing inconsistent and commingled theories of negligence. The trial court ultimately granted the motion on two bases: first, that the complaint failed to establish personal jurisdiction over the two moving defendants, and second, that it "commingled theories of negligence without setting them out." The court dismissed the amended complaint and granted Mr. Thomas twenty days to amend it.

Mr. Thomas did so in November 2020. The second amended complaint included the same claims against the same defendants but added new allegations seeking to remedy the deficiencies the court had found. The defendants who had previously moved to dismiss did so again, and one ultimately prevailed on personal jurisdiction again.

About eight months after the second amended complaint was filed, Trench filed its first motion to dismiss. Therein, Trench largely adopted some of the arguments from the prior defendants' motion to dismiss, asserting that the complaint failed to state a cause of action because its factual allegations were inconsistent and the theories of negligence were inappropriately commingled. The court granted Trench's motion, dismissed the second amended complaint, and granted Mr. Thomas leave to file a third amended complaint.

The third amended complaint is the operative one in this case. In response to the court's prior dismissals, the count against Trench now incorporates only some of the general allegations—those involving Trench but not those addressing only other defendants. The count against Trench includes alternative theories of negligence as to Trench. The other counts raise similar claims against other people and entities alleged to be involved with the facility where the injury occurred.

With respect to the count against Trench, the complaint expressly alleges the following. Trench had an agreement with the owners and possessors of the subject premises to provide athletic training there. On the day in question, Mr. Thomas was at the facility to receive training services from Trench in preparation for the 2019 NFL draft. Mr. Thomas was there as a business invitee and received a receipt from Trench after contracting for training services with Trench.

The complaint alleges that sometime prior, Trench had negligently installed and maintained synthetic turf in the area it was using to train Mr. Thomas. Trench knew or should have known that the turf in that area was dangerous. As Mr. Thomas was training in that area, "the negligently installed and maintained synthetic turf shifted under his feet which caused [Mr. Thomas] to rupture his Achilles tendon," inflicting serious injury. This occurred because Trench's employee "negligently instructed [Mr. Thomas] to train on the synthetic turf even though [the employee] knew or should have known that the synthetic turf had holes in it, had not been properly installed or maintained, was not properly fixed to the floor and constituted a dangerous condition." Although the complaint includes the Trench employee's name in the factual recitation, the employee is not named as a defendant.

The complaint alleges that Trench owed several duties to Mr. Thomas, including to maintain the property it used to train clients, to train its employees properly, and to correct or warn of dangerous conditions it knew or should have known about. It alleges Trench breached these duties by failing to adequately train its employees and failing to properly install, maintain, or warn about the dangerous turf condition it knew or should have known about due to its possession and greater knowledge of the premises. It alleges Trench is vicariously liable for the negligence of its employee who trained Mr. Thomas in the course and scope of his employment with Trench. The complaint alleges that these negligent acts were the direct and proximate cause of Mr. Thomas's bodily injuries and other damages.

Trench moved to dismiss the third amended complaint, largely reasserting the same arguments from its motion to dismiss the second amended complaint. Specifically, Trench asserted that the complaint

4

failed to state a cause of action because the "allegations against Trench are sparse to non-existent" and it contained "contradictory allegations" about who possessed and controlled the premises. Trench also relied on the court's prior ruling that the complaint inappropriately commingled theories of negligence, asserting the complaint should be dismissed because Mr. Thomas "ha[d] not done as the Court instructed."

At a hearing, the trial court granted Trench's motion to dismiss with prejudice. It ruled:

> I think the Court has been clear about the—I understand about the—I can't call it anything else but the very long and convoluted presentation of preliminary paragraphs and the theory that, somehow or other, you're intertwining that to be able to plead in the alternative. I can't understand a 2019 case where we're still talking about the, quite frankly, "We'll figure it out as we go along."

> The commingling of different theories of negligence has been brought up on more than one occasion. That continues to persist. This—this pleading does not present facts—facts alleging negligence on the part of Trench. At best, it's all conclusory in nature. And there's more than simply saying that they had a duty and they breached a duty, and—and this doesn't contain that plain statement of facts. And, in fact, I don't see any allegations of Trench having ownership, control, or anything over the premises here. I don't see anything that's alleged that establishes a duty or a breach.

> So, with that, I'm going to go ahead and grant the motion to dismiss. And—and I'm very—usually very reluctant to grant a motion to dismiss with prejudice, but [Trench's counsel] makes his points here that this is—that this has gone on for a long, long time, the infirmities that have been previously pointed out remain, and so it's appropriate in this case to echo his comment that enough is enough. So we're going to dismiss with prejudice today.

Consistent with the oral ruling, the trial court entered an order dismissing Mr. Thomas's claim against Trench with prejudice. Mr. Thomas filed a motion for rehearing highlighting Florida law that allows

5

litigants to plead in the alternative and also attaching a proposed fourth amended complaint. That motion was denied, and this appeal followed.

## ANALYSIS

Mr. Thomas asserts that the third amended complaint pleads a viable negligence action against Trench and that the trial court's stated concerns about alternative pleading are inconsistent with Florida law. Trench responds that the claim against it is fatally conclusory, contains contradictory factual allegations about who installed the turf, and inappropriately includes alternative theories of negligence. Although the operative complaint is not a model of clarity, we conclude that it states a cause of action for negligence and should not have been dismissed.

"A motion to dismiss tests the legal sufficiency of the complaint and does not determine factual issues." *Haskel Realty Grp., Inc. v. KB Tyrone, LLC*, 253 So. 3d 84, 85 (Fla. 2d DCA 2018) (quoting *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 908 (Fla. 2d DCA 2014)). Consequently, "[w]hen considering a motion to dismiss for failure to state a cause of action, a trial court must assume the allegations of the complaint are true and resolve all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Swope Rodante, P.A. v. Harmon*, 85 So. 3d 508, 509 (Fla. 2d DCA 2012)). "This court reviews a trial court's decision to dismiss a complaint de novo." *Mortg. Elec. Registration Sys., Inc. v. Azize*, 965 So. 2d 151, 153 (Fla. 2d DCA 2007).

"The Florida Rules of Civil Procedure clearly permit a plaintiff to state causes of action in the alternative." *Haskel*, 253 So. 3d at 86; *see also Ringler v. McVeigh*, 109 So. 2d 606, 607 (Fla. 3d DCA 1959) ("Since the adoption of the 1954 Florida Rules of Civil Procedure, allegations of liability in the alternative have been specifically provided for . . . .").

In that regard, Florida Rule of Civil Procedure 1.110(g) provides:

**(g) Joinder of Causes of Action; Consistency.** A pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if 2 or more causes of action are joined. A party may also set forth 2 or more statements of a claim or defense alternatively, either in 1 count or defense or in separate counts or defenses. When 2 or more statements are made in the alternative and 1 of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of 1 or more of the alternative statements. A party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings shall be construed so as to do substantial justice.

Florida law is well settled that, under this rule, "a party may assert inconsistent claims in the same pleading." *Johnson v. Dep't of Health & Rehab. Servs.*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997) (citing Fla. R. Civ. P. 1.110(g)); *see also Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So. 2d 489, 494 (Fla. 4th DCA 2001) ("Asserting inconsistent allegations in a complaint is permissible."). "The inconsistency permitted in pleadings may be either in the statements of the facts or in the legal theories adopted." *Ogden v. Groves*, 241 So. 2d 756, 759 (Fla. 1st DCA 1970) (citing *Mather-Smith, II v. Fairchild*, 135 So. 2d 233, 234 (Fla. 2d DCA 1961)).

This express permission to assert inconsistent claims in a pleading "remains true when the claims are mutually exclusive." *Johnson*, 695 So. 2d at 930 (citing *Rausch-Livingston Real Estate v. Dixon*, 260 So. 2d 290 (Fla. 2d DCA 1972)); *see also Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A.*, 721 So. 2d 787, 788 (Fla. 3d DCA 1998) (explaining that rule 1.110(g) "permit[s] a plaintiff to state causes of action in the alternative, even where the alternative allegations are

completely inconsistent with one another" (internal citations omitted)). Indeed, parties may even plead allegations that negate one another. *See Haskel*, 253 So. 3d at 86 (reversing dismissal and concluding there was "no merit" in argument that certain "claims had to be dismissed because they were negated by the allegations in" another count).

Nor is a plaintiff required to separate different theories of relief into different counts in order to avoid dismissal. Rather, we have expressly held that "combining two theories of relief into one count is not a sufficient basis for dismissing a complaint." *Jensen v. Pinellas County*, 293 So. 3d 1076, 1079 (Fla. 2d DCA 2020) (citing *Meadows Cmty. Ass'n v. Russell-Tutty*, 928 So. 2d 1276, 1278 (Fla. 2d DCA 2006) (reversing dismissal of an "amended complaint consist[ing] of only one count, [but] advanc[ing] two theories to support the injunctive relief request")).

Accordingly, although the "better practice" is to "separate[] the alternative allegations in separate counts," the mere inclusion of "alternative allegations within the same count of the complaint" is not "a proper basis for dismissal." *Johnson*, 695 So. 2d at 931; *see also Belz*, 721 So. 2d at 789 (holding that "although the plaintiff's allegations were arguably inconsistent, and inartistically plagued by the phrase 'and/or,' the complaint sufficed to survive [a] motion to dismiss for failure to state a cause of action" (internal citations omitted)).

Here, we conclude that in his complaint Mr. Thomas "has used all the necessary words and phrases to facially state a cause of action" for negligence. *Johnson*, 695 So. 2d at 929. The above recitation of some of the allegations of the count against Trench reflects that it sufficiently states a claim for negligence. *See, e.g., Graulau Maldonado v. Orange Cnty. Pub. Lib. Sys.*, 273 So. 3d 278, 279-80 (Fla. 5th DCA 2019) ("To state a cause of action for negligence, a complaint must allege: '(1) a duty

8

to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty.' " (quoting *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011))).  Apparently, that is what Trench also concluded when it chose to answer the original, similar complaint without moving to dismiss.

Contrary to Trench's arguments for dismissal, with respect to stating a claim, the mere fact that other counts contradictorily allege that the subject turf was installed by others is immaterial.  *See Haskel*, 253 So. 3d at 86; *Johnson*, 695 So. 2d at 930; *Belz*, 721 So. 2d at 788; Fla. R. Civ. P. 1.110(g).  So too is the fact the count against Trench asserts that it was negligent in multiple ways.  *Jensen*, 293 So. 3d at 1079; *Johnson*, 695 So. 2d at 931; *Belz*, 721 So. 2d at 789; Fla. R. Civ. P. 1.110(g).  At bottom, "we cannot say that [the] complaint is insufficient 'to acquaint the defendant with the plaintiff's charge of wrongdoing so that the defendant can intelligently answer the same.' "  *Jensen*, 293 So. 3d at 1079-80 (quoting *Meadows Cmty. Ass'n*, 928 So. 2d at 1278).

In so ruling, we have considered *Goldschmidt v. Holman*, 571 So. 2d 422 (Fla. 1990), and several related cases which Trench relies upon as establishing that a vicarious liability claim must always be pleaded as a separate count from a direct liability claim.  But those cases are fundamentally distinguishable and do not change the outcome here.

The issue in *Goldschmidt* was "whether a complaint charging malpractice against a treating physician for the acts of a 'covering' physician must specifically allege the vicarious liability of the treating physician."  *Id.* at 423.  The court observed that it had already addressed the issue in *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1126 (Fla. 1985), where it "held that the defendant could not be found liable

9

under a theory of vicarious liability that was not specifically pled." *Goldschmidt*, 571 So. 2d at 423.

In *Goldschmidt*, even though "rule 1.110(b)(2) required the [plaintiffs] to allege [the treating physician]'s vicarious liability in the complaint," the complaint "did not specifically allege that [the treating physician] was vicariously liable for [the covering physician]'s actions." *Id.* (emphasis added). The court concluded: "Because the complaint failed to set forth any ultimate facts that establish either actual or apparent agency or any other basis for vicarious liability, the [plaintiffs] did not allege any grounds entitling them to relief." *Id.* (emphasis added).

By stark contrast here, Mr. Thomas's complaint does both of the things the *Goldschmidt* complaint did not. Specifically, it expressly alleges that Trench "is vicariously liable for the negligence of its employee" for "negligent acts that [the employee] committed while in the course and scope of his employment with" Trench. And it also includes factual allegations supporting the vicarious liability claim, including that Trench's employee knew or should have known that the turf was dangerous and that Mr. Thomas was training on the turf at the employee's instruction as a business invitee when the injury occurred.

These same points also distinguish the other cases Trench relies upon in this regard. *See Tamiami*, 463 So. 2d at 1128 (vacating damages awards for theory of liability that "was nowhere framed in the pleadings"); *Gen. Asphalt Co., Inc. v. Bob's Barricades, Inc.*, 22 So. 3d 697, 698-99 (Fla. 3d DCA 2009) (holding no duty to indemnify existed for vicarious liability claims where "the injured motorist failed to allege any vicarious liability claims in her complaint"); *Designers Tile Int'l Corp. v. Capitol C Corp.*, 499 So. 2d 4 (Fla. 3d DCA 1986) (explaining that the trial court permitted plaintiff "to amend its complaint at the close of all the evidence

so as to allege a new cause of action against the defendants . . . for vicarious responsibility for the negligence of . . . the firm used in repairing the subject roof" after the "case had been fully tried on the . . . claim against the defendants . . . for the negligent hiring of" the firm).

Ultimately, because Mr. Thomas's complaint states a cause of action against Trench, the trial court should not have dismissed it. In light of this holding, we do not reach the issue of whether Mr. Thomas should have been granted leave to amend. We thus reverse the order dismissing the third amended complaint against Trench and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.